NO. 07-01-0511-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 8, 2002

_____

ARTHUR WARE, INDIVIDUALLY AND AS POTTER COUNTY
JUDGE, JOHN STRADLEY, INDIVIDUALLY AND AS POTTER
COUNTY COMMISSIONER, MANNY PEREZ-VILLASENOR,
INDIVIDUALLY AND AS POTTER COUNTY COMMISSIONER,
STRICKLAND WATKINS, INDIVIDUALLY AND AS POTTER
COUNTY COMMISSIONER, IRIS SANDERS LAWRENCE,
INDIVIDUALLY AND AS POTTER COUNTY COMMISSIONER
AND POTTER COUNTY, TEXAS, APPELLANTS

V.

TERRY MILLER, POTTER COUNTY CONSTABLE,
PRECINCT 2, APPELLEE

_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 88,221-E; HONORABLE WELDON KIRK, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Appellants Potter County, Arthur Ware, both in his individual capacity and official capacity as Potter County Judge, and each of the Potter County Commissioners, also in their individual and official capacities, bring this interlocutory appeal from the denial of their pleas to the jurisdiction of the trial court and also from the denial of their motion seeking summary judgment.

## Facts

Appellee Terry Miller (Miller) is a former constable for Potter County Precinct 2. His term of office began January 1, 1999, and ended December 31, 2000. At the time Miller assumed office, Potter County paid each of its constables $227 per year in salary and provided employment benefits, including hospitalization insurance. While Miller was in office, Potter County eliminated the salary and employment benefits for all its constables. On December 4, 2000, pursuant to section 89.004 of the Government Code, Miller notified Judge Ware that he sought additional compensation.

## Litigation History

On December 20, 2000, Miller filed suit against Potter County as well as the County Judge and each member of the Potter County Commissioner's Court. The judge and each commissioner were sued in both their individual and official capacities. The relief Miller sought was, *inter alia*, a declaration that the salary he received during his term of office was unreasonable and the Potter County Commissioner's Court had a ministerial duty to

set a reasonable salary for the constable's office. Miller also sought a writ of mandamus directing the commissioners to set a reasonable salary and, based on that amount, an award of damages for the difference between the "reasonable salary" and the salary he had actually been paid. He also sought exemplary damages and attorney fees.

After Miller's term expired, Potter County filed an answer containing a plea to the district court's jurisdiction alleging that Miller lacked standing to bring the suit because his term had expired. It also filed special exceptions to Miller's pleading and a counterclaim seeking declaratory judgment. In its answer, the County asserted several affirmative defenses, including sovereign immunity, legislative immunity, official immunity, waiver, laches, and unclean hands. The County also sought to recover attorney fees. In response to concerns expressed by the trial court, each of the individual defendants filed answers in conformity with the County's answer.

In May 2001, Miller filed a motion seeking partial summary judgment on his declaratory relief claims and his mandamus petition. In July 2001, appellants filed their own motion seeking summary judgment dismissing the suit because the trial court had no jurisdiction, Miller lacked standing to bring the suit, and appellants were entitled to sovereign and legislative immunity.

On December 7, 2001, the trial court held a hearing on both motions for summary judgment as well as appellants' plea to the jurisdiction. On December 27, it denied both appellants' plea to the jurisdiction and their motion for summary judgment. The court

3

granted Miller's motion for partial summary judgment, declaring that he was the duly qualified constable from January 1, 1999, through December 31, 2000, that the commissioners had a ministerial duty to set a reasonable salary for the constable's position and failed to do so. The trial court also granted Miller's request for a writ of mandamus and directed the commissioner's court to set a reasonable salary "for the Plaintiff (Miller) as Constable, Precinct 2, Potter County for fiscal years 1998-1999, 1999-2000, and 2000-2001 (January 1, 1999 through December 31, 2000), for a total of 24 months, including all employee benefits enjoyed by elected officials of Potter County for the tie period referred to above."

Appellants bring this interlocutory appeal pursuant to section 51.014(a) of the Civil Practice & Remedies Code. That statute authorizes appeals of interlocutory orders that deny motions for summary judgment based on an assertion of immunity by an individual officer or employee of the state or a political subdivision, or which deny a plea to the jurisdiction of a governmental unit.

## Jurisdiction

Because of its nature, we must first address the question of our jurisdiction over this appeal, as well as the parties to the appeal. It is well established that in an interlocutory appeal, we may only address those matters for which such an appeal is permitted by section 51.014. We may not consider other grounds or issues raised below, even if they may be potentially dispositive of the case. *See Boozier v. Hambrick*, 846 S.W.2d 593, 596

(Tex.App.--Houston [1ˢᵗ Dist.] 1993, no writ). Our review, then, must focus on the denial of appellants' plea to the jurisdiction and the denial of their motion for summary judgment. We must also determine if Miller is a proper party to pursue this appeal. Texas Rule of Appellate Procedure 7.2(a) provides:

> When a public officer is a party in an official capacity to an appeal . . . and if that person ceases to hold office before the appeal . . . is finally disposed of, the public officer's successor is automatically substituted as a party if appropriate.[1]

Although Miller's petition does not specifically allege the capacity in which he brought the suit, it lists him as "TERRY MILLER, Potter County Constable, Precinct 2, Plaintiff." His supplemental petition, filed after his term of office had expired, contained the same description, which could be considered as an attempt to act in Miller's official capacity. However, citing authority discussing misnomers in pleadings, appellants argue that we are not bound by designations in a pleading but that we should look to its substance. *See Bristol-Meyers Corp. v. Abel*, 997 S.W.2d 598, 601 (Tex. 1999) (misnomer of motion); Tex. R. Civ. P. 71 (misnomer of pleadings to be ignored). As we discuss below, the relief actually sought in the petition was a personal recovery of actual and exemplary damages. We agree that the principles underlying the rule concerning misnomer are applicable, hold that Miller's claims are individual in nature and thus, Rule 7.2(a) is not applicable.

---

[1]The predecessor to current Rule 7.2(a), former Rule 9(c), only addressed suits brought against officers in their official capacity.

5

A brief overview of the applicable constitutional provisions, statutes, and leading cases will be helpful in understanding the issues we must decide, including the question of our jurisdiction. Article XVI, section 61 of the Texas Constitution provides that constables are to be compensated by a salary rather than on a fee basis. *See also* Local Gov't Code Ann. § 152.011 (Vernon 1999) (tracking constitutional duty to set compensation for county and precinct officers). In *Vondy v. Commissioners Court of Uvalde County,* 620 S.W.2d 104 (Tex. 1981), our supreme court held the constitutional provision imposes a mandatory ministerial duty on a commissioner's court to set a reasonable salary. *Id.* at 108-09. However, the manner by which that duty is carried out is left to the discretion of the commissioner's court. *Ector County v. Stringer*, 843 S.W.2d 477, 479 (Tex. 1992).[2]

The process for setting the salary of elected officers is prescribed in section 153.013 of the Local Government Code. That process is part of the annual budget-setting process and any salary increases must be preceded by publication in a newspaper. *See* Op. Tex. Att'y Gen. No. JM-839 (1988). The only recognized exception to this process arises from the district court's general supervisory control over commissioners' courts by virtue of article V, section 8 of the Texas Constitution. *See, e.g., Santoya v. Pereda*, No.

---

[2]We recognize the apparent conflict in the holdings of these cases that the commissioner's court had a "ministerial" duty to exercise their discretion and the holding in *Downing v. Brown*, 935 S.W.2d 112 (Tex. 1996), that "ministerial acts are those [w]here the law prescribes and defines the duty to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment." *Id.* at 114 (quoting *City of Lancaster v. Chambers*, 883 S.W.2d 650, 654 (Tex. 1994)). Resolution of this apparent conflict is not necessary to the disposition of this case.

04-00-0825-CV (Tex.App.--San Antonio January 16, 2002, pet. filed) (Anglini dissenting). If a commissioner's court abuses its discretion by failing to set a reasonable salary, the proper method for a district court to compel performance of that duty is by a writ of mandamus. *Vondy*, 820 S.W.2d at 109. The district court may not determine what a reasonable salary is, it may only review the amount determined by the commissioner's court. *Stringer*, 843 S.W.2d at 479. This rule applies with equal force when the official seeks to recover past salary. *Id.* at 480.

## Standing

Appellants' first issue concerns the denial of their plea to the jurisdiction because of Miller's lack of standing to pursue the litigation. Standing is a component of subject matter jurisdiction and is properly raised by a plea to the jurisdiction. *Texas Ass'n of Business v. Texas Air Control Board*, 852 S.W.2d 440, 443 (Tex. 1993). An interlocutory appeal from the trial court's denial of Potter County's plea to the jurisdiction is clearly within the purview of subsection (a)(8) of section 51.014. Likewise, suits against governmental agents in their official capacities are, in fact, claims against the government. *Vincent v. West Texas State University,* 895 S.W.2d 469, 472 (Tex.App.--Amarillo 1995, no writ)*.* Therefore, the denial of the pleas to the jurisdiction asserted by the county judge and the commissioners in their official capacities are proper issues for consideration on interlocutory appeal. However, the denial of the challenges to Miller's standing made by those parties in their individual capacities is not something we may review in this

7

interlocutory appeal. We may, however, review the denial of their immunity claims. Tex. Civ. Prac. & Rem. Code § 51.014(a)(5).

The rules pertain to standing require that a plaintiff have a personal stake in an existing controversy before he may seek judicial redress as a plaintiff. *In re M.C.R.*, 55 S.W.3d 104, 107 (Tex.App.--San Antonio 2001, no writ). An opinion rendered in a case brought by a party who does not have standing is an advisory one because rather than remedying an actual or imminent harm, the judgment only addresses a hypothetical injury. *Texas Ass'n of Business,* 852 S.W.2d at 444.

Appellants recognize there are some cases that were not finally concluded until after the plaintiff's term of office had ended. For example, *Vondy v. Commissioners Court*, 714 S.W.2d 417 (Tex.App.--San Antonio 1981, writ ref'd n.r.e.) (Vondy II), was decided after *Vondy I*, *supra*, was remanded from the supreme court, and after the plaintiff's term of office had ended. *Douthit v. Ector County*, 740 S.W.2d 16 (Tex.App.--El Paso 1987, writ denied), also involved a claim for additional compensation made by a constable after his term had ended. The El Paso court of appeals held the plaintiff was entitled to a writ of mandamus. *Id*. at 18. *Ector County v. Stringer*, 843 S.W.2d 477 (Tex. 1992) was a consolidated appeal from two actions brought by Ector County constables. The first suit was brought by Martin Stringer after his term of office to recover additional compensation. *Id.* at 478. In the second, then current constable Joe Hill sought the same relief. *Id.* Both plaintiffs asked the district court to determine a reasonable salary and to award damages

8

for their respective terms of service based upon that amount. Noting that a writ of mandamus was not sought, the court held that the commissioner's court was the only entity that could set a precinct officer's salary, subject to review for an abuse of its discretion. The court specifically noted that because the question was not presented, it expressed no opinion as to whether mandamus was available to order a commissioner's court to determine a reasonable past salary. *Id.* at 479, n.3.

Although none of these cases expressly addressed the question of standing, by inference their discussion would support a conclusion that a former constable has standing to prosecute claims to recover back pay. Appellants, however, argue that these cases were decided before the opinion in *Texas Ass'n of Business v. Texas Air Control Board,* which overruled *Texas Industrial Traffic League v. Railroad Commission,* 633 S.W.2d 821 (Tex. 1982), and declared that standing is a component of subject matter jurisdiction and may not be waived. Appellants ask us to assume that the question of standing was not raised by the defendants in each of the three constable cases and was therefore waived. However, we do not find the omission of a specific discussion of standing in those cases leads to that conclusion. Rather, perusal of the courts' discussion in those cases supports the conclusion that those courts viewed the claims for back pay as personal to the former constables and the use of mandamus by those plaintiffs did not alter the nature of their claims, but was required by the constitutional limitation to the commissioners' courts of compensation determinations. The standing challenges of appellants are overruled.

9

In their second issue, appellants ask us to determine if the trial court erred in denying their plea to the jurisdiction based on sovereign immunity. Unless waived, that doctrine protects the State and its subdivisions from both suit and liability for damages. *General Services Comm'n v. Little-Tex Insulation Co. Inc.*, 39 S.W.3d 591 (Tex. 2001). Immunity from suit protects entities within the ambit of the doctrine from the burden of fighting claims against them. *Federal Sign v. Tex. So. Univ.*, 951 S.W.2d 401 (Tex. 1997). Immunity from liability protects from judgments, even if immunity from suit has been waived. *Id.*

Sovereign immunity may be waived in several ways. It may be waived by legislative action through a statute or by resolution granting permission to file suit in a specific case. *Texas Department of Transportation v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999). The State may also waive immunity by conduct. For example, when the State contracts with private citizens, it waives immunity from liability. *General Services Commission*, 39 S.W.3d at 594. However, the failure to plead immunity can waive that immunity. *Kinnear v. Tex Com'n on Human Rights ex rel. Hale*, 14 S.W.3d 299, 300 (Tex. 2000). A legislative waiver of sovereign immunity must be expressed in clear and unambiguous language. Tex. Gov't Code Ann. § 311.034 (Vernon Supp. 2002); *University of Tex. Medical Branch v. York*, 871 S.W.2d 175, 177 (Tex. 1994).

Appellants argue that Miller has failed to identify any constitutional or statutory provision clearly waiving immunity in this case. They recite several statutory provisions

that have been held to waive immunity, but are not applicable here. Those provisions include the Tort Claims Act, Tex. Civ. Prac. & Rem. Code Ann. § 101.021, section 11.151 of the Education Code, and two sections of the Health & Safety Code. However, they do not include in that discussion the Declaratory Judgments Act (the Act). Tex. Civ. Prac. & Rem. Code Ann. ch. 37 (Vernon 1997 & Supp. 2002). Our supreme court has held that the Act is a waiver of sovereign immunity and authorizes the award of attorney's fees against the State when a declaration of rights under a statue or ordinance is proper. *Texas Educ. Agency v. Leeper*, 893 S.W.2d 432, 446 (Tex. 1994).

The Act authorizes Texas courts of record to declare the rights of a person interested in a "deed, will, written contract, . . . or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract or franchise," to determine questions of construction or validity. A court may also construe a constitutional provision under the Act. *See Chennault v. Phillips*, 914 S.W.2d 140, 141 (Tex. 1996). The Act waives sovereign immunity when used to declare rights under a statute or ordinance. *Leeper*, 893 S.W.2d at 446.

In his suit, Miller sought nine specific declarations. In its partial summary judgment, the trial court made five of those declarations. Because the waiver only extends to declarations within the scope of the Act, any declarations beyond the scope of the Act would be barred by sovereign immunity. We now consider each declaration made by the trial court.

11

The first declaration was that Miller was the duly elected constable of Potter County Precinct 2 from January 1, 1999, through December 31, 2000, and he was entitled to a reasonable salary. Although undisputed, the time period is a finding of fact not covered by the Act. Even so, the declaration as to entitlement of a reasonable salary arguably construes article XVI, section 61 of the Texas Constitution.

The trial court's second declaration was that the failure of the commissioner's court to set a reasonable salary was "arbitrary and unreasonable . . . and constitute[d] an abuse of discretion as a matter of law." The third declaration was that the commissioner's court had failed to perform its ministerial duty to set a reasonable salary. The fourth declaration was that the commissioners, both individually and as the governing body of Potter County, had a legal obligation to set a reasonable salary during Miller's term. The fifth declaration was that setting a salary of $227 per year, and later reducing that salary to $0, was unreasonable and an abuse of discretion.

Without addressing the merits of these declarations, because they were in construction of article XVI, section 61 of the Texas Constitution, under the facts of this case, we find they are proper matters for judicial declaration. Therefore, they are not barred by sovereign immunity.

Citing *City of Beaumont v. Bouillion*, 896 S.W.2d 143, 149 (Tex. 1995), appellants challenge Miller's claims as arising from article XVI, section 61 of the Texas Constitution. Because the *Bouillion* case holds that, subject to limited exceptions, Texas does not

recognize private causes of action for violation of constitutional rights, appellants contend their plea to the jurisdiction was good. *See also Mitchell v. Amarillo Hosp. Dist.,* 855 S.W.2d 857, 872-73 (Tex.App.--Amarillo 1993, writ denied) (there is no private cause of action for violation of due process provisions of the state constitution).

There is an exception to the general rule against permitting private causes of action for violation of constitutional rights in those instances where there are constitutional provisions that are "self-enacting."  A constitutional provision is said to be self-enacting when it supplies a rule sufficient to protect the right given or permit enforcement of the duty imposed. *Frasher v. Yanes,* 9 S.W.3d 422, 426 (Tex.App.--Austin 1999, no pet.). Appellants argue that because article XVI, section 61 requires action by a commissioner's court, it is not one of those "self-enacting" provisions.

Miller responds by denying his claims are based on the Texas Constitution. Rather, he argues, his claims were for a writ of mandamus, declaratory judgment, and actual and exemplary damages and he "specifically point[ed] to the District Court's authority under" article V, section 8 of the state constitution, as well as section 24.020 of the Government Code.  He reasons that the cases which we have discussed above recognize "mandamus [as] the proper remedy under these circumstances."

Miller does not cite any authority holding sovereign immunity is not applicable to the relief he seeks or that article V, section 8 or section 24.020 of the Government Code waives appellants' immunity.  The ultimate relief sought by Miller is the recovery of money

13

damages. His claims for declaratory relief and mandamus are merely ancillary to that claim and appellants' second issue must be viewed and discussed in that context.

Section 552.321 of the Government Code supports the view that mandamus relief may be barred by sovereign immunity. That statute waives immunity from suits seeking writs of mandamus to compel disclosure of information covered by the Open Records Act. Tex. Gov't Code Ann. § 552.321 (Vernon 1994). That statute would not be necessary if, as Miller contends, the doctrine of sovereign immunity is not applicable to suits seeking mandamus relief. *But see* 52 Tex.Jur.3d § 485 (West 1999) (citing cases in which it was held that mandamus was not barred by sovereign immunity).

Article V, section 8 of the Texas Constitution grants district courts "appellate jurisdiction and general supervisory control over the County Commissioners Court, with such exceptions and under such regulations as may be prescribed by law." Section 24.020 of the Government Code merely repeats the constitutional provision. Our supreme court considered the nature of the supervisory control in *Haverbekken v. Hale*, 109 Tex. 106, 204 S.W. 1162 (1918), and in doing so, said:

> The power of the District Court to supervise the proceedings of the Commissioners Court here involved gave the injunction suit the character of a direct attack upon those proceedings rather than a collateral one. *Crawford v. McDonald*, 88 Tex. 626, 33 S.W. 325. This permitted a full inquiry for the purpose of seeing whether throughout the proceedings the Court had complied with the law, unhindered by any presumptions ordinarily indulged in a collateral attack upon a judgment of a court of general jurisdiction. *Not otherwise could the District Court supervise and control its action.*

14

*Id.* at 1165 (emphasis added). *See also Stringer*, 843 S.W.2d at 479 (once the commissioner's court acts, the district court may review the commissioners' orders); *Grant v. Ammerman*, 437 S.W.2d 547, 550 (Tex. 1969) *(*order abolishing Justice Court was reviewable by district court under general supervisory power); *Bird v. Alexander*, 288 S.W. 606, 608 (Tex.Civ.App.--Dallas 1926, no writ) (final action required before review by district court); *Rodriquez v. Vera*, 249 S.W.2d 689, 692 (Tex.Civ.App.--San Antonio 1952, no writ) (acts of commissioners' courts reviewable on the same basis as those of other courts). Similarly, cases applying section 24.020 of the Government Code and its predecessors have all involved direct challenges to acts or omissions of commissioners' courts. We have found no case supporting the view that the constitutional and statutory power of review by the district court in any way waives the right of sovereign immunity against suits for damages.

Here, Miller's claim seeking declaratory judgment in the district court may be construed as seeking an appellate review of the commissioners' action in setting constables' salary at $227 per year and subsequently eliminating the salary and health benefits. Under the authorities we have discussed, that type of action is not barred by sovereign immunity. However, none of the authorities on which he relies support a waiver of sovereign immunity as to his claims for actual and exemplary damages. Thus, the trial court erred in denying the plea to the jurisdiction as to Miller's claim for damages against Potter County, Judge Ware and the commissioners in their official capacity. As to Miller's claim for mandamus relief, while not barred by sovereign immunity directly, it was

15

derivative of his claim for damages. Requiring the commissioner's court to set a salary that Miller is barred from collecting in his claim for damages would be to compel a useless act. As a matter of public policy, courts do not require performance of useless acts. *Mackey v. Lucey Products Corp.*, 150 Tex. 188, 239 S.W.2d 607, 608 (1951); *Rogers v. Ricane Enterprises*, Inc., 930 S.W.2d 157, 167 (Tex.App.--Amarillo 1996, writ denied); *Powers v. Floyd*, 904 S.W.2d 713, 718 (Tex.App.--Waco 1995, writ denied). Appellants' second issue is sustained.

In their third issue, appellants challenge the trial court's denial of their plea to the jurisdiction in which they asserted legislative immunity to the claims asserted against them in their individual capacities. Legislative immunity protects individuals from liability when acting in a legislative capacity. Thus, its applicability turns on the nature of the conduct at issue. *See Clear Lake City Water Auth. v. Salazar*, 781 S.W.2d 347, 349 (Tex.App.--Houston [14th Dist.] 1989, no writ) (applying immunity to local water board). An action is legislative in nature when it reflects a discretionary, policymaking decision of general application rather than an individualized decision based on particular facts. *In re Perry*, 60 S.W.3d 857, 860 (Tex. 2001). The doctrine applies to county commissioners acting in their legislative capacities. *Merril v. Carpenter*, 867 S.W.2d 65, 66 (Tex.App.--Fort Worth 1993, writ denied).

Responding to appellants' argument, Miller asserts that the setting of the constable's salary cannot be a legislative act protecting commissioners from liability

16

because the duty to set the salary is mandatory and ministerial. *Vondy*, 620 S.W.2d at 108. As we noted in our footnote 2 above, it might appear that the supreme court's holdings concerning whether discretion and ministerial duties are mutually exclusive are not consistent. *Compare Vondy, supra,* with *Downing v. Brown*, 935 S.W.2d 112 (Tex. 1996). However, any such apparent inconsistency was resolved by the holding in *Jensen Constr. Co. v. Dallas County*, 920 S.W.2d 761, 773 (Tex.App.--Dallas 1996, writ denied). Appellants' third issue is sustained.

The holdings which we have made above require us to make the following dispositions of this appeal:

1. The partial summary judgment of the trial court is reversed insofar as it denies the pleas to the jurisdiction of appellants Potter County, Arthur Ware, individually and as the County Judge of Potter County, and the named defendant commissioners of the Potter County Commissioner's Court in their individual and official capacities on Miller's claim for damages. The writ of mandamus requiring the Potter County Commissioner's Court to set a reasonable salary for Miller in his capacity as Constable is also reversed. Those claims are severed and we render judgment in favor of appellants on them.[3]

2. That portion of the proceeding seeking declaratory relief pertaining to the setting of a reasonable salary for the constable's office, including Miller's quest for attorney's fees, is remanded to the trial court for further proceedings in accordance with this opinion.

John T. Boyd
Chief Justice

---

[3]Where the trial court lacks jurisdiction, we may render judgment for appellants in an interlocutory appeal. *Department of Transp. v. Garza*, 70 S.W.3d 802, 803 (Tex. 2002).

Publish.