NO. 07-03-0099-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



MARCH 19, 2003



______________________________




JAMES GABRIEL RIVERS, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;



NO. 12,748-B; HONORABLE JOHN BOARD, JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Appellant James Gabriel Rivers filed a Motion to Dismiss Appeal on March 14,
2003, stating that he desires to withdraw his appeal. The Motion to Dismiss is signed by
both appellant and his attorney. 

 Without passing on the merits of the case, we grant appellant's motion for voluntary
dismissal and hereby dismiss the appeal. Tex. R. App. P. 42.2. Having dismissed the
appeal at appellant's personal request, we will not entertain a motion for rehearing, and our
mandate will issue forthwith. 



 James T. Campbell

 Justice
























Do not publish.



nal
work. 

 Both the City and Utility Engineering denied Utility Contractors' claims. Utility
Contractors filed suit against the City and Utility Engineering for breach of contract and
negligence. Asserting several theories of recovery, it sought $185,000.00 in damages and
$40,000.00 in attorney's fees. The City's amended answer asserted the doctrine of
governmental immunity in support of a plea in abatement and a special exception, and as
an affirmative defense. The City also asserted a counterclaim against Utility Contractors
for breach of contract. It sought liquidated damages of $21,600.00 for delay in completion
of the project and attorney's fees.

 The trial court granted the City's plea in abatement as to Utility Contractors' tort
claims. The court subsequently granted a take-nothing summary judgment in favor of
Utility Engineering and severed the claims against it. The City then filed a plea to the
jurisdiction asserting Utility Contractors' contract claims should be dismissed because the
doctrine of governmental immunity deprived the court of jurisdiction over those claims. 
After a hearing at which Utility Contractors did not appear the trial court granted the plea
to the jurisdiction in an order dismissing all its claims for affirmative relief. (3) 

 Utility Contractors filed a motion for new trial in which it asserted its failure to appear
at the hearing was the result of an accident or mistake because its counsel was never
aware of the hearing. It also alleged the City had waived immunity by executing the
contract and accepting benefits under the contract. After the City took a nonsuit on its
counterclaim against Utility Contractors, the trial court signed an order denying Utility
Contractors' motion for new trial and rendering a final judgment on the basis that the City's
nonsuit, grant of the City's plea to the jurisdiction, and denial of Utility Contractors' motion
for new trial disposed of all issues and parties. Utility Contractors perfected appeal from
that judgment. 

 Utility Contractors now presents four issues challenging the trial court's actions with
regard to its contract claims. (4) The first three issues challenge the trial court's determination
that the doctrine of governmental immunity deprived it of jurisdiction to hear Utility
Contractors' contract claims. Its fourth issue asks whether the trial court erred in denying
its motion for new trial and motion to vacate. Utility Contractors combines its arguments
in support of the first three issues. We likewise address them together.

 We review the trial court's ruling on a plea to the jurisdiction de novo. City of
Lubbock v. Adams, 149 S.W.3d 820 (Tex.App.-Amarillo 2004, pet. filed); see Mayhew v.
Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998). 

 Sovereign immunity protects the state against lawsuits for damages unless the state
has consented to suit. Texas Dep't of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 224
(Tex. 2004). Cities, as political subdivisions of the state, are entitled to immunity unless it
has been waived. See San Antonio Indep. Sch. Dist. v. McKinney, 936 S.W.2d 279, 283
(Tex. 1996). The immunity of political subdivisions like cities is more properly referred to
as governmental immunity. Wichita Falls State Hosp. v. Taylor, 106 S.W.3d 692, 694 n.3
(Tex. 2003). The doctrine encompasses two distinct principles, immunity from suit and
immunity from liability. Miranda, 133 S.W.3d at 224. Immunity from liability is an affirmative
defense subject to waiver, but immunity from suit deprives a court of subject matter
jurisdiction. Id. Because it affects the court's jurisdiction, immunity from suit is properly
raised in a plea to the jurisdiction. Taylor, 106 S.W.3d at 696. Immunity from suit may be
waived only by legislative consent or constitutional amendment, and any such waiver must
be expressed in clear and unambiguous language. Id.; Tex. Gov't Code Ann. § 311.034
(Vernon Supp. 2004).

 When a governmental entity enters a contract with a private party it waives immunity
from liability on that contract, but not immunity from suit. Texas Natural Resource
Conservation Com'n v. IT-Davy, 74 S.W.3d 849, 854 (Tex. 2002). The City does not
dispute that by entering the contract with Utility Contractors it waived immunity from liability
on that contract. This concession disposes of Utility Contractors' second issue and that
portion of its third issue concerning immunity from liability.

 Utility Contractors contends the City's immunity from suit is waived by Section
51.075 of the Local Government Code (Vernon 1999), and the City of Canyon municipal
charter. Section 51.075 provides that a municipality "may plead and be impleaded in any
court." The city charter contains provisions the City "may sue and be sued, may contract
and be contracted with; [and] may implead and be impleaded in all courts having
jurisdiction of the subject matter involved." See Canyon City Charter, Art. III, § 3.01(a). 

 In City of Lubbock v. Adams, 149 S.W.3d 820, the plaintiffs also alleged waiver of
sovereign immunity by virtue of Local Government Code Section 51.075 and a city charter
provision virtually identical to that involved in this case. Id. at 824. Based on the supreme
court's holding in Missouri Pacific R.R. Co. v. Brownsville Navigation Dist., 453 S.W.2d 812
(Tex. 1970), that "sue and be sued" language in a statute waives sovereign immunity, and
numerous cases applying that holding to the same language in statutes and city charters,
we held Section 51.075 and the city charter waived immunity from suit. 149 S.W.3d at 824,
825. Adhering to our holding in Adams, (5) we find the City's authority stated in Section
51.075 and its authority to sue and be sued stated in the city charter clearly and
unambiguously waive the City's immunity from suit. (6) 

 We find an additional basis establishing waiver of the City's governmental immunity
from suit on its contract with Utility Contractors. As noted, the City filed a counterclaim
against Utility Contractors alleging breach of contract and seeking damages. Utility
Contractors contends the City thereby waived immunity from suit. Again based on existing
authority, we agree.

 In Reata Construction Corp. v. City of Dallas, 2004 WL 726906, 47 Tex. Sup. Ct. J.
408 (April 2, 2004)(rehearing granted), Reata was a subcontractor on a city project who
was sued for damages to a third party's property caused by its puncture of a city water
main. Id. at 2. It filed a third-party claim against the city alleging negligence in identifying
the location of the water main. The city later intervened in the suit against Reata asserting
a negligence claim and also filed a plea to the jurisdiction. Id. In a per curiam opinion, the
supreme court held that "by filing a suit for damages, a governmental entity waives
immunity from suit for any claim that is incident to, connected with, arises out of, or is
germane to the suit or controversy," and applied that rule to the city's intervention. Id. at 7. 


 At least three Texas appellate courts have applied Reata to find counterclaims filed
by governmental entities waived immunity from suit. See Ray Ferguson Interests, Inc. v.
Harris County Sports & Convention Corp., No. 01-04-00568-CV, 2004 WL 2250930, at 8
(Tex.App.-Houston [1st Dist.] Oct. 7, 2004, no pet. h.); City of Dallas v. Martin, 140 S.W.3d
924, 926 (Tex.App.-Dallas 2004, reh'g granted); City of Dallas v. Albert, 140 S.W.3d 920,
923 (Tex.App.-Dallas 2004, reh'g granted); City of Irving v. Inform Constr., Inc., 143
S.W.3d 371 (Tex.App.-Dallas 2004, pet. filed); Port Neches-Groves Indep. Sch. Dist. v.
Pyramid Constructors, L.L.P., 140 S.W.3d 440, 442-43 (Tex.App.-Beaumont 2004, pet.
filed). 

 The Texas Supreme Court has held oral argument on a motion for rehearing in
Reata. We nonetheless will apply it here. Dismissal of the City's counterclaim did not cure
the waiver. Martin, 140 S.W.3d at 927; Albert, 140 S.W.3d at 923.

 We sustain Utility Contractors' first and third issues. Our disposition of those issues
requires reversal of the judgment of the trial court. We need not address Utility
Contractors' fourth issue.

 In a post-submission brief the City cites our opinions in Ware v. Miller, 82 S.W.3d
795 (Tex.App.-Amarillo 2002, pet. denied), 134 S.W.3d 381 (Tex.App.-Amarillo 2003, pet.
denied), holding courts do not require performance of useless acts, and contends reversal
and remand of this case would be a useless act because Utility Contractors could not
prevail on the merits of its claims. That conclusion is based on the City's application of
Section 252.048 of the Local Government Code (Vernon 1999) to Utility Contractors'
contract claim. Section 252.048 concerns change orders in contracts involving
municipalities. It authorizes a municipality to approve change orders due to changes in
plans or increases in the quantity of work to be performed. Id. The statute also imposes
a limit on increases to the contract price due to change orders of twenty-five percent.
§ 252.048(d). The City asserts the four change orders it approved increased the contract
price $176,662.65, and payment of an additional amount would exceed the limit imposed
by section 252.048(d) and would be barred by that statute.

 In Ware, the plaintiff sought a declaration the salary set for him by a commissioners'
court was unreasonable, sought to have the commissioners' court set a reasonable salary
for past service, and sought recovery of that salary. 82 S.W.3d at 798. We held the
recovery of damages was barred by sovereign immunity. Id. at 803. We also held the
declarations sought were not barred but they were "merely ancillary" to and derivative of
his claim for damages. Id. at 803-04. Consequently, we held requiring the commissioners'
court to set a salary that Miller was jurisdictionally barred from recovering would improperly
require performance of a useless act. Id. 

 Ware and the present case are distinguishable. The bar to recovery of damages in
Ware was jurisdictional. Questions of subject matter jurisdiction may be raised for the first
time on appeal, and even on the court's own motion. See Texas Ass'n of Business v.
Texas Air Control Bd., 852 S.W.2d 440, 445-46 (Tex. 1993). In contrast, the bar to recovery
asserted by the City here is not jurisdictional but in the nature of an affirmative defense
because it seeks to establish an independent reason why Utility Contractors should not
recover. See Texas Beef Cattle Co. v. Green, 921 S.W.2d 203, 212 (Tex. 1996). Such an
assertion must initially be presented to the trial court. See Tex. R. Civ. P. 94. We cannot
agree that remand to the trial court for further proceedings would be a useless act like we
found in Ware. The judgment of the trial court is reversed and the cause is remanded for
further proceedings.


 James T. Campbell

 Justice





1. Former Chief Justice Phil Johnson was on the panel that heard oral argument. He
did not participate in the decision. Tex. R. App. P. 41.1(b). 
2. Utility Engineering and Utility Contractors are not related entities.
3. We perceive this order as disposing of both the contract claims to which the City's
plea to the jurisdiction was addressed and the previously abated tort claims.
4. Utility Contractors presents no challenge to the dismissal of its tort claims.
5. As in Adams, petitions for review in several other cases involving the effect of sue
and be sued, and similar, language on governmental immunity are before the Texas
Supreme Court. See Service Employment Redevelopment v. Fort Worth Ind. Sch. Dist.,
No. 02-03-0116-CV, 2005 WL 503172 (Tex.App.-Fort Worth March 3, 2005, no pet. h.)
(listing cases). 
6. We recognize that the finding of waiver in some cases appears to be based on the
confluence of the statute and the city charter, suggesting one without the other would be
insufficient to support waiver of governmental immunity. See e.g., Goerlitz v. City of
Midland, 101 S.W.3d 573, 577 (Tex.App.-El Paso 2003, pet. filed); Webb v. City of Dallas,
314 F.3d 787, 796 (5th Cir. 2002) (city had power to "exempt" itself from suit but had not
done so). This case does not present the question whether Section 51.075 or sue and be
sued language in a city charter are independently sufficient to waive immunity.