NO. 07-03-0075-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 24, 2005

_____

UTILITY CONTRACTORS OF AMERICA, INC., APPELLANT

V.

CITY OF CANYON, APPELLEE

_____

FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;

NO. 49,320-A; HONORABLE DAVID GLEASON, JUDGE

_____

Before REAVIS and CAMPBELL, JJ.[1]

**MEMORANDUM OPINION**

Utility Contractors of America, Inc. appeals the grant of a plea to the jurisdiction in favor of appellee, the City of Canyon, on claims arising out of a construction contract between those parties. Finding the City's governmental immunity has been waived, we reverse and remand for further proceedings.

_____

[1]Former Chief Justice Phil Johnson was on the panel that heard oral argument. He did not participate in the decision. TEX. R. APP. P. 41.1(b).

The jurisdictional issues raised in this appeal do not require a detailed recitation of the facts. It is sufficient to note the City contracted with Utility Engineering Corp.[2] to design an extension of municipal water and sewer lines. The City accepted Utility Contractors' bid to perform the work based on Utility Engineering's plans and entered a written contract for that work in September 1996. The contract called for completion in 150 days with liquidated damages of $200 for each day of delay in completion of the project. The parties agreed to several change orders which resulted in an increase in the total cost and extension of the time for completion to 305 days. Utility Contractors completed the work approximately 108 days after the date provided in the contract as amended by the change orders. Utility Contractors attributed the delay to additional work made necessary by deficiencies in the plans and information provided and sought payment for the additional work.

Both the City and Utility Engineering denied Utility Contractors' claims. Utility Contractors filed suit against the City and Utility Engineering for breach of contract and negligence. Asserting several theories of recovery, it sought $185,000.00 in damages and $40,000.00 in attorney's fees. The City's amended answer asserted the doctrine of governmental immunity in support of a plea in abatement and a special exception, and as an affirmative defense. The City also asserted a counterclaim against Utility Contractors for breach of contract. It sought liquidated damages of $21,600.00 for delay in completion of the project and attorney's fees.

---

[2]Utility Engineering and Utility Contractors are not related entities.

The trial court granted the City's plea in abatement as to Utility Contractors' tort claims. The court subsequently granted a take-nothing summary judgment in favor of Utility Engineering and severed the claims against it. The City then filed a plea to the jurisdiction asserting Utility Contractors' contract claims should be dismissed because the doctrine of governmental immunity deprived the court of jurisdiction over those claims. After a hearing at which Utility Contractors did not appear the trial court granted the plea to the jurisdiction in an order dismissing all its claims for affirmative relief.[3]

Utility Contractors filed a motion for new trial in which it asserted its failure to appear at the hearing was the result of an accident or mistake because its counsel was never aware of the hearing. It also alleged the City had waived immunity by executing the contract and accepting benefits under the contract. After the City took a nonsuit on its counterclaim against Utility Contractors, the trial court signed an order denying Utility Contractors' motion for new trial and rendering a final judgment on the basis that the City's nonsuit, grant of the City's plea to the jurisdiction, and denial of Utility Contractors' motion for new trial disposed of all issues and parties. Utility Contractors perfected appeal from that judgment.

Utility Contractors now presents four issues challenging the trial court's actions with regard to its contract claims.[4] The first three issues challenge the trial court's determination that the doctrine of governmental immunity deprived it of jurisdiction to hear Utility

---

[3]We perceive this order as disposing of both the contract claims to which the City's plea to the jurisdiction was addressed and the previously abated tort claims.

[4]Utility Contractors presents no challenge to the dismissal of its tort claims.

3

Contractors' contract claims. Its fourth issue asks whether the trial court erred in denying its motion for new trial and motion to vacate. Utility Contractors combines its arguments in support of the first three issues. We likewise address them together.

We review the trial court's ruling on a plea to the jurisdiction *de novo*. *City of Lubbock v. Adams*, 149 S.W.3d 820 (Tex.App.–Amarillo 2004, pet. filed); *see Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998).

Sovereign immunity protects the state against lawsuits for damages unless the state has consented to suit. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004). Cities, as political subdivisions of the state, are entitled to immunity unless it has been waived. *See San Antonio Indep. Sch. Dist. v. McKinney*, 936 S.W.2d 279, 283 (Tex. 1996). The immunity of political subdivisions like cities is more properly referred to as governmental immunity. *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694 n.3 (Tex. 2003). The doctrine encompasses two distinct principles, immunity from suit and immunity from liability. *Miranda*, 133 S.W.3d at 224. Immunity from liability is an affirmative defense subject to waiver, but immunity from suit deprives a court of subject matter jurisdiction. *Id.* Because it affects the court's jurisdiction, immunity from suit is properly raised in a plea to the jurisdiction. *Taylor*, 106 S.W.3d at 696. Immunity from suit may be waived only by legislative consent or constitutional amendment, and any such waiver must be expressed in clear and unambiguous language. *Id.*; Tex. Gov't Code Ann. § 311.034 (Vernon Supp. 2004).

When a governmental entity enters a contract with a private party it waives immunity from liability on that contract, but not immunity from suit. *Texas Natural Resource Conservation Com'n v. IT-Davy*, 74 S.W.3d 849, 854 (Tex. 2002). The City does not dispute that by entering the contract with Utility Contractors it waived immunity from liability on that contract. This concession disposes of Utility Contractors' second issue and that portion of its third issue concerning immunity from liability.

Utility Contractors contends the City's immunity from suit is waived by Section 51.075 of the Local Government Code (Vernon 1999), and the City of Canyon municipal charter. Section 51.075 provides that a municipality "may plead and be impleaded in any court." The city charter contains provisions the City "may sue and be sued, may contract and be contracted with; [and] may implead and be impleaded in all courts having jurisdiction of the subject matter involved." *See* Canyon City Charter, Art. III, § 3.01(a).

In *City of Lubbock v. Adams*, 149 S.W.3d 820, the plaintiffs also alleged waiver of sovereign immunity by virtue of Local Government Code Section 51.075 and a city charter provision virtually identical to that involved in this case. *Id.* at 824. Based on the supreme court's holding in *Missouri Pacific R.R. Co. v. Brownsville Navigation Dist.*, 453 S.W.2d 812 (Tex. 1970), that "sue and be sued" language in a statute waives sovereign immunity, and numerous cases applying that holding to the same language in statutes and city charters, we held Section 51.075 and the city charter waived immunity from suit. 149 S.W.3d at 824, 825. Adhering to our holding in *Adams*,[5] we find the City's authority stated in Section

---

[5]As in *Adams*, petitions for review in several other cases involving the effect of sue and be sued, and similar, language on governmental immunity are before the Texas

51.075 and its authority to sue and be sued stated in the city charter clearly and unambiguously waive the City's immunity from suit.[6]

We find an additional basis establishing waiver of the City's governmental immunity from suit on its contract with Utility Contractors. As noted, the City filed a counterclaim against Utility Contractors alleging breach of contract and seeking damages. Utility Contractors contends the City thereby waived immunity from suit. Again based on existing authority, we agree.

In *Reata Construction Corp. v. City of Dallas*, 2004 WL 726906, 47 Tex. Sup. Ct. J. 408 (April 2, 2004)(rehearing granted), Reata was a subcontractor on a city project who was sued for damages to a third party's property caused by its puncture of a city water main. *Id.* at 2. It filed a third-party claim against the city alleging negligence in identifying the location of the water main. The city later intervened in the suit against Reata asserting a negligence claim and also filed a plea to the jurisdiction. *Id.* In a per curiam opinion, the supreme court held that "by filing a suit for damages, a governmental entity waives immunity from suit for any claim that is incident to, connected with, arises out of, or is

Supreme Court. *See Service Employment Redevelopment v. Fort Worth Ind. Sch. Dist.*, No. 02-03-0116-CV, 2005 WL 503172 (Tex.App.–Fort Worth March 3, 2005, no pet. h.) (listing cases).

[6]We recognize that the finding of waiver in some cases appears to be based on the confluence of the statute and the city charter, suggesting one without the other would be insufficient to support waiver of governmental immunity. *See e.g., Goerlitz v. City of Midland*, 101 S.W.3d 573, 577 (Tex.App.–El Paso 2003, pet. filed); *Webb v. City of Dallas*, 314 F.3d 787, 796 (5th Cir. 2002) (city had power to "exempt" itself from suit but had not done so). This case does not present the question whether Section 51.075 or sue and be sued language in a city charter are independently sufficient to waive immunity.

germane to the suit or controversy," and applied that rule to the city's intervention. *Id.* at 7.

At least three Texas appellate courts have applied *Reata* to find counterclaims filed by governmental entities waived immunity from suit. *See Ray Ferguson Interests, Inc. v. Harris County Sports & Convention Corp.*, No. 01-04-00568-CV, 2004 WL 2250930, at 8 (Tex.App.–Houston [1st Dist.] Oct. 7, 2004, no pet. h.); *City of Dallas v. Martin*, 140 S.W.3d 924, 926 (Tex.App.–Dallas 2004, reh'g granted); *City of Dallas v. Albert*, 140 S.W.3d 920, 923 (Tex.App.–Dallas 2004, reh'g granted); *City of Irving v. Inform Constr., Inc.*, 143 S.W.3d 371 (Tex.App.–Dallas 2004, pet. filed); *Port Neches-Groves Indep. Sch. Dist. v. Pyramid Constructors, L.L.P.*, 140 S.W.3d 440, 442-43 (Tex.App.–Beaumont 2004, pet. filed).

The Texas Supreme Court has held oral argument on a motion for rehearing in *Reata*. We nonetheless will apply it here. Dismissal of the City's counterclaim did not cure the waiver. *Martin*, 140 S.W.3d at 927; *Albert*, 140 S.W.3d at 923.

We sustain Utility Contractors' first and third issues. Our disposition of those issues requires reversal of the judgment of the trial court. We need not address Utility Contractors' fourth issue.

In a post-submission brief the City cites our opinions in *Ware v. Miller*, 82 S.W.3d 795 (Tex.App.–Amarillo 2002, pet. denied), 134 S.W.3d 381 (Tex.App.–Amarillo 2003, pet. denied), holding courts do not require performance of useless acts, and contends reversal

7

and remand of this case would be a useless act because Utility Contractors could not prevail on the merits of its claims. That conclusion is based on the City's application of Section 252.048 of the Local Government Code (Vernon 1999) to Utility Contractors' contract claim. Section 252.048 concerns change orders in contracts involving municipalities. It authorizes a municipality to approve change orders due to changes in plans or increases in the quantity of work to be performed. *Id*. The statute also imposes a limit on increases to the contract price due to change orders of twenty-five percent. § 252.048(d). The City asserts the four change orders it approved increased the contract price $176,662.65, and payment of an additional amount would exceed the limit imposed by section 252.048(d) and would be barred by that statute.

In *Ware,* the plaintiff sought a declaration the salary set for him by a commissioners' court was unreasonable, sought to have the commissioners' court set a reasonable salary for past service, and sought recovery of that salary. 82 S.W.3d at 798. We held the recovery of damages was barred by sovereign immunity. *Id.* at 803. We also held the declarations sought were not barred but they were "merely ancillary" to and derivative of his claim for damages. *Id.* at 803-04. Consequently, we held requiring the commissioners' court to set a salary that Miller was jurisdictionally barred from recovering would improperly require performance of a useless act. *Id.*

*Ware* and the present case are distinguishable. The bar to recovery of damages in *Ware* was jurisdictional. Questions of subject matter jurisdiction may be raised for the first time on appeal, and even on the court's own motion. *See Texas Ass'n of Business*

8

*v. Texas Air Control Bd.*, 852 S.W.2d 440, 445-46 (Tex. 1993). In contrast, the bar to recovery asserted by the City here is not jurisdictional but in the nature of an affirmative defense because it seeks to establish an independent reason why Utility Contractors should not recover. *See Texas Beef Cattle Co. v. Green*, 921 S.W.2d 203, 212 (Tex. 1996). Such an assertion must initially be presented to the trial court. *See* Tex. R. Civ. P. 94. We cannot agree that remand to the trial court for further proceedings would be a useless act like we found in *Ware*. The judgment of the trial court is reversed and the cause is remanded for further proceedings.


James T. Campbell
Justice