NO. 07-04-0485-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



SEPTEMBER 27, 2005


______________________________



TEXAS DEPARTMENT of TRANSPORTATION, 



 Appellant


v.



CITY of AMARILLO, 



 Appellee

_________________________________



FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;



NO. 92,160-C; HON. PATRICK PIRTLE, PRESIDING


_______________________________



Memorandum Opinion


_______________________________



Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

 In this interlocutory appeal, the Texas Department of Transportation (the
Department) challenges the trial court's order denying its plea to the jurisdiction. The City
of Amarillo (Amarillo) initiated suit requesting a declaratory judgment adjudicating the right,
if any, of the Department to issue a permit for the construction of a billboard in an area
adjacent to an interstate freeway. Local zoning ordinances enacted by Amarillo did not
authorize the erection of such a structure in the particular area. So, dispute arose as to
which rules, ordinances, or regulations control the dispute, those of Amarillo or those of the
Department. And, thus, Amarillo sued the Department in Amarillo, Potter County for a
declaratory judgment resolving that question. The Department moved to dismiss the suit
on the basis of sovereign immunity, which motion the trial court denied. The three issues
before us concern whether 1) the Uniform Declaratory Judgments Act (UDJA) waives the
State's sovereign immunity from suit, 2) §2001.038 of the Texas Government Code
provides a specific declaratory remedy for Amarillo's claims that preempts the UDJA, and
3) dismissal is required due to the failure to join a purported indispensable party. We affirm
the order.

 Issue One - Waiver of Immunity Under UDJA

 The Department invoked sovereign immunity and contended that the shield
insulated it from suit by Amarillo. We disagree. 

 Sovereign immunity or immunity from suit is waived when 1) one initiates a
declaratory action against a state agency seeking the interpretation of a statute or the
extent of the agency's statutory authority and 2) the agency is a necessary party to the
action. Texas Municipal Power Agency v. Public Utilities Commission, 100 S.W.3d 510,
515-16 (Tex. App.-Austin 2003, pet. denied); see also Texas Dep't Protective & Reg. Serv.
v. Mega Child Care Inc., 145 S.W.3d 170, 198 (Tex. 2004) (citing Texas Education Agency
v. Leeper, 893 S.W.2d 432 (Tex. 1994) for the proposition that the UDJA provides a limited
waiver of sovereign immunity); Wichita Falls State Hosp. v. Taylor, 106 S.W.3d 692, 697-98 (Tex. 2003) (stating that if the Legislature required the State to be joined in a lawsuit for
which immunity would otherwise attach, the Legislature intentionally waived the State's
sovereign immunity and noting that Texas Education Agency v. Leeper, stands for the
proposition that the UDJA does waive aspects of sovereign immunity); Texas Education
Agency v. Leeper, 893 S.W.2d 432, 446 (Tex. 1994) (holding that the UDJA served to
waive sovereign immunity when the State is a necessary party to the action); Ware v.
Miller, 82 S.W.3d 795, 802 (Tex. App.-Amarillo 2002, pet. denied) (stating that the UDJA
waives sovereign immunity when used to declare rights under a statute or ordinance). 

 Here, Amarillo sued for a declaration adjudicating the extent of the Department's
statutory authority to issue the permit allowing for the construction of the billboard. 
Furthermore, no monetary damages were sought. Thus, the claim falls within the
exception to sovereign immunity provided for in Leeper, Texas Municipal Power Agency,
and Ware and as reiterated in Mega Childcare and Wichita Falls State Hospital.

 Though the Department cites Texas Nat. Resource Comm'n v. IT-Davy, 74 S.W.3d
849 (Tex. 2002) as holding otherwise, we find the case distinguishable. Here, unlike the
situation in Davy, we are not dealing with the State's liability for contractual damages. 
Rather, Amarillo requests a declaration specifying the extent of the Department's statutory
authority to issue building permits or licenses in certain areas. No damages are sought.

 Issue Two - Declaratory Action under the APA

 Next, the Department argues that the suit should be dismissed because the
Administrative Procedure Act (APA) prescribed not only the means by which one could
obtain a declaratory judgment but also restricts the prosecution of such an action to the
district courts of Travis County. We overrule the issue.

 According to the APA, "[t]he validity or applicability of [an agency] rule . . . may be
determined in an action for declaratory judgment if it is alleged that the rule or its
threatened application interferes with or impairs . . . a legal right or privilege of the plaintiff." 
Tex. Gov't Code Ann. §2001.038(a) (Vernon 2000). Furthermore, that particular action
"may be brought only in a Travis County district court." Id. §2001.038(b). Next, a "rule" is
defined as "a state agency statement of general applicability that . . . implements, interprets
or prescribes law or policy" or "describes the procedure or practice requirements of a state
agency . . . ." Id. §2001.003(6)(A)(i) & (ii). Upon reviewing the live pleadings of Amarillo,
we find no mention of any "rule," as that term is defined by the APA, being attacked. 
Instead, it contends that the Department's action exceeds statutory authority. Nor has the
Department referred us to any such rule of "general applicability" in order to satisfy §
2001.003(6)(A). At most, we are told that there are some "informal" rules involved and that
they are susceptible to development on a case-by-case basis. Yet, what they are goes
undisclosed. Given this, we cannot say that §2001.038 encompasses, and therefore bars
prosecution of, the dispute pending in the 251st District Court for Potter County.

 Issue Three - Missing Party

 Lastly, the Department contends that the absence of an indispensable party, namely
recipient of the permit, deprived the trial court of subject matter jurisdiction. We overrule
it as well.

 Assuming arguendo that we were to find the permit holder to be an indispensable
party and that its non-joinder somehow deprived the trial court of subject matter jurisdiction,
we could not dismiss the proceeding without first affording Amarillo opportunity to cure the
defect. City of Lubbock v. Rule, 68 S.W.3d 853, 861 (Tex. App.-Amarillo 2002, no pet.)
(holding that we cannot dismiss for want of jurisdiction without first giving the plaintiffs
opportunity to allege a cause of action within the trial court's jurisdiction). So, until a court
of competent jurisdiction first determines that the permit holder is an indispensable party,
that the party cannot be joined via court order, and that Amarillo refuses to amend its
pleading to join it, we cannot dismiss the cause. Tex. R. Civ. P. 39(a) (stating that the trial
court may order the joinder of the necessary or indispensable parties). 

 Having overruled each issue, we affirm the order denying the Department's plea to
the jurisdiction of the trial court.


 Brian Quinn

 Chief Justice 



t the time of trial, is probative of his lack of
reformation. Although, Lucas was tried before the adoption of our current rules of
evidence, the Court of Criminal Appeals was cognizant of the adoption of the rules of
evidence and, in fact, referred to Rule 609 in footnote 9 of the opinion. Id. Cases since
Lucas have supported the reasoning for allowing the use of the evidence as proof of lack
of reformation. See LaHood v. State, 171 S.W.3d 613, 620 (Tex.App-Houston [14th Dist.]
2005, pet. ref'd); Jackson v. State, 50 S.W.3d 579, 591 (Tex.App-Fort Worth 2001, pet.
ref'd). Accordingly, we cannot say that allowing the State to question Rodriguez about his
conviction for indecent exposure was an abuse of discretion. Appellant's first issue is
overruled.

Requested jury instruction


 Appellant next contends that the trial court erred in refusing to give a requested jury
instruction regarding destruction or loss of evidence. The record reflects that the DPS
trooper had originally stopped another individual for driving while intoxicated. The vehicle
driven by the DPS trooper was equipped with an in-car video and audio recording device. 
The tape from the first arrest was destroyed according to standard procedure of the DPS
after the disposition of the case against the first driver. The record further reflects that the
camera was never turned to allow video taping of appellant's field sobriety tests. The
videotape did, however, contain some audio of the arrest of appellant. Based upon the
facts, appellant contends that the jury should have been instructed that, since the State
had the capacity to preserve the recording, the jury should infer that the destroyed
evidence was favorable to appellant and unfavorable to the State. 

Analysis


 Appellant posits that the due process clause of the Texas Constitution sets a higher
standard when dealing with lost or destroyed exculpatory evidence than that enumerated
in the United States Constitution. Pena v. State, 166 S.W.3d 274, 282 (Tex.App-Waco
2005, pet granted). Subsequently, the Court of Criminal Appeals vacated the judgment of
the Waco court and remanded the case. Pena v. State, 191 S.W.3d 133 (Tex.Crim.App.
2006). Inasmuch as the original opinion has been vacated, it has no precedential value. 
However, since the original opinion in Pena by the Waco Court, the same issue has been
reviewed by the San Antonio Court of Appeals. See Salazar v. State, 185 S.W.3d 90
(Tex.App.-San Antonio 2005, no pet.). The Salazar court was dealing with a motion to
suppress seeking to suppress testimony that appellant had used a weapon during a prison
riot. The facts revealed that the prison system had videotaped the riot, and according to
appellant, the videotape would have shown that he was not armed with a weapon, thereby
contradicting the testimony of the prison guards. The appellant in Salazar contended that
the Texas Constitutional guarantee of due process provided stronger protection than that
afforded under the United States Constitution. The San Antonio Court refused to follow
the reasoning set forth in the original Pena opinion and held that the Texas Constitution
and the United States Constitution afforded the same standard of protection when dealing
with the loss or destruction of evidence in the possession of the State. Salazar, 185
S.W.3d at 92. We agree with the San Antonio court. 

 It is beyond dispute that the State has a duty to preserve evidence in its possession. 
California v. Trombetta, 467 U.S. 479, 488-89, 104 S.Ct 2528, 81 L.Ed.2d 413 (1984);
Jackson, 50 S.W.3d at 588. The appellant must then demonstrate that the evidence was
both favorable and material to his case. Id. at 589. Simply showing that the evidence
might have been favorable does not meet the materiality standard. Id. Finally, in order to
sustain a violation of due process or due course of law an appellant must prove that the
State acted in bad faith when it lost or destroyed the evidence. Id. (citing Arizona v.
Youngblood, 488 U.S.51, 58, 109 S.Ct 333, 102 L.Ed.2d 281(1988), for due process and
Mahaffey v. State, 937 S.W.2d 51, 53 (Tex.App.-Houston [1st Dist.] 1996, no pet.), for due
course of law). 

 Appellant's contention fails for two reasons. First, the record does not demonstrate
that the evidence would have been favorable. At best, the record simply implies that it
might have been favorable. Therefore, appellant has failed to meet the materiality
standard. Jackson, 50 S.W.3d at 589. Second, there is no testimony in the record, nor
any assertion by the appellant, that the State acted in bad faith. Id. Therefore, the trial
court did not err in refusing to give the requested jury instruction. We overrule appellant's
second issue.

Conclusion


 Having overruled appellant's issues, we affirm the trial court. 


 Mackey K. Hancock

 Justice






Do not publish.