NO. 07-03-0089-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

DECEMBER 18, 2003

_____

ARTHUR WARE, INDIVIDUALLY AND AS POTTER COUNTY JUDGE,
JOHN STRADLEY, INDIVIDUALLY AND AS POTTER COUNTY COMMISSIONER,
MANNY PEREZ-VILLASENOR, INDIVIDUALLY AND AS POTTER COUNTY
COMMISSIONER, STRICKLAND WATKINS, INDIVIDUALLY AND AS POTTER
COUNTY COMMISSIONER, IRIS SANDERS LAWRENCE, INDIVIDUALLY
AND AS POTTER COUNTY COMMISSIONER, AND POTTER COUNTY, TEXAS,
APPELLANTS

V.

TERRY MILLER, POTTER COUNTY CONSTABLE, PRECINCT 2, APPELLEE

_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 88,221-E; HONORABLE ABE LOPEZ, JUDGE

_____

Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

**OPINION**

Arthur Ware, Potter County Judge, and John Stradley, Manny Perez-Villasenor,

Strickland Watkins, and Iris Sanders Lawrence, individually and as Commissioners or

former Commissioners of Potter County, appellants, present this appeal from a judgment signed February 10, 2003, following a non-jury trial on the merits which, although it denied Terry Miller any recovery for damages, awarded $90,824.25 attorney's fees, plus other fees. Presenting four issues,[1] Arthur Ware *et al.* contend (1) Miller's declaratory judgment claim presents a moot question; (2) the award of attorney's fees under the Declaratory Judgments Act[2] was not authorized where the declarations sought were the same as the essential elements of the mandamus claim previously denied; (3) Arthur Ware, *et al.*, as individuals, are entitled to legislative immunity from liability for attorney's fees based on their budgetary actions; and (4) Miller was not entitled to declaratory judgment concerning the reasonableness of his Constable's salary because he did not (a) serve any process, (b) attend the justice court for his precinct, (c) make any arrests, or (d) submit any reports concerning criminal activity during his term of office. For the reasons expressed below, the judgment of the trial court is vacated and the appeal is dismissed.

By his original petition filed during the final month of his term of office, Miller commenced the underlying action to recover reasonable compensation for his term as Constable and mandamus relief under Article XVI, section 61 of the Texas Constitution and Vondy v. Commissioners Court of Uvalde County, 620 S.W.2d 104 (Tex. 1981). In addition, Miller sought declaratory relief, including attorney's fees. By order signed

---

[1]Issues are restated.

[2]Tex. Civ. Prac. & Rem. Code Ann. §§ 37.001-37.011 (Vernon 1997 & Supp. 2004).

December 21, 2001, in addition to denying Arthur Ware *et al.'s* motion for summary judgment, the trial court granted Miller's motion for partial summary judgment and directed that a writ of mandamus be issued commanding the Commissioners Court to set and pay a reasonable salary for Miller as Constable for 24 months, including all employee benefits provided to elected officials of Potter County. Upon Arthur Ware *et al.'s* interlocutory appeal,[3] we concluded

- the trial court erred in denying Arthur Ware *et al.'s* plea to the jurisdiction as to Miller's claim for damages;
- mandamus relief was not appropriate; and
- legislative immunity protected the Commissioners from liability in their individual capacities.

Because the December 21, 2001 order was only a partial summary judgment and interlocutory, without addressing Miller's request for declaratory relief, we reversed the partial summary judgment and order directing the issuance of a writ of mandamus, rendered judgment for Arthur Ware *et al.* on Miller's claim for recovery of a reasonable salary, ordered a severance, and remanded the proceedings seeking declaratory relief to the trial court.

After remand, Arthur Ware *et al.* filed a supplemental plea to the jurisdiction contending that Miller's declaratory judgment action was moot; however, the supplemental

---

[3] *See* Ware v. Miller, 82 S.W.3d 795 (Tex.App.--Amarillo 2002, pet. denied).

3

plea was denied by the trial court.[4] After the severance and remand, Miller did not amend his pleadings to raise any new claims but instead, proceeded to a non-jury trial on the merits based on his prior pleadings on February 10, 2003. Following presentation of the evidence,[5] upon conclusion of the hearing, the trial court signed its judgment. Among other things, the trial court concluded that Miller was entitled to a reasonable salary and that Arthur Ware *et al.* had the legal obligation to set a reasonable salary for him pursuant to Article XVI, section 61; however, the judgment did not make any monetary award of salary or damages to Miller. As material here, the judgment also provided that Miller:

> is entitled to recover reasonable attorney's fees and expenses in the sum of $90,824.25 pursuant to § 37.009 of the Texas Civil Practice & Remedies Code. The judgment for attorneys [sic] fees shall run jointly and severally against all Defendants herein with the following additional sums in the event of an appeal:
>
>> (a) $7,500 attorneys [sic] fee [sic] in the event of an appeal to the Court of appeals; and
>>
>> (b) $7,500 attorneys [sic] fees in the event of an appeal to the Texas Supreme Court.
>
> All sums awarded to Plaintiff shall bear interest at the rate of 10% per annum from the date of judgment until paid, for recovery of which let execution issue as to the individual Defendants. No execution shall issue as to Potter County or its property. In the event this judgment is not observed by

---

[4]The order denying the plea to the jurisdiction concluded, "[a]fter considering the pleadings, the arguments of counsel and the evidence relevant to the jurisdictional issues, the Court has determined that the remaining claim under the Uniform Declaratory Judgments Act is justiciable and is not moot. The plea to the jurisdiction, therefore, must be denied."

[5]Because Arthur Ware *et al.* do not challenge the sufficiency of the evidence or contend the trial court abused its discretion in awarding attorney's fees, we need not detail the evidence presented at the hearing.

Defendant, Potter County, Texas, acting by and through its commissioners court, the Court, without affecting the finality of this judgment, will entertain requests for supplemental relief in accordance with § 37.011 Tex. Civ. Prac. & Rem. Code Ann. Costs of court are taxed against Defendants. All relief requested in this cause and not specifically and expressly granted herein is hereby DENIED.

Findings of fact and conclusions of law were not requested and except as contained in the judgment, no conclusions of law were made by the trial court.

By their first issue, Arthur Ware *et al.* contend that Miller's claim for declaratory judgment upon remand was moot. We agree. A case is moot when (1) a party seeks a judgment to resolve a controversy, but no controversy exists, or (2) judgment is sought on a matter which, when rendered for any reason cannot have a practical legal effect on an existing controversy. Texas Health Care Info. Council v. Seton Health Plan, Inc., 94 S.W.3d 841, 847-48 (Tex.App.–Austin 2002, no pet.); *see also* Campus Communications, Inc. d/b/a A & M Magazine v. Texas A & M University System, No. 01-02-00878-CV, 2003 WL 21027936, at *1 (Tex.App.–Houston [1st Dist. May 8, 2003, no pet. h.) (dismissing the appeal because the issues before it were moot).

Under article II, section 1 of the Texas Constitution, Texas courts do not have any jurisdiction to issue advisory opinions. *See* Valley Baptist Medical Center v. Gonzalez, 33 S.W.3d 821, 822 (Tex. 2000). Moreover, in State v. Morales, 869 S.W.2d 941, 947 (Tex. 1994), the Court re-announced that the Uniform Declaratory Judgments Act was merely a procedural device "for deciding cases already within a court's jurisdiction" and

that a request for declaratory relief "cannot confer jurisdiction on the court, nor can it change the basic character of a suit."

Declaratory judgment actions cannot be used to resolve hypothetical or contingent situations. Firemen's Ins. Co. v. Burch, 442 S.W.2d 331, 333 (Tex. 1968). In *Valley Baptist*, the discovery dispute was rendered moot when the Medical Center presented a representative for deposition. 33 S.W.3d at 822. Similarly, Miller's action for declaratory judgment based on his pre severance pleadings was rendered moot because of our first decision.

Because the District Court erroneously assumed jurisdiction of Miller's request for declaratory judgment, we vacate the trial court's judgment and dismiss the appeal. Tex. R. App. P. 43.2 (e). Our disposition of this issue pretermits consideration of the remaining issues.

Don H. Reavis
Justice

Quinn, J., concurs in the result.

6