NO. 07-03-0391-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



MARCH 2, 2006


______________________________


 

ARTHUR WARE, INDIVIDUALLY AND AS POTTER COUNTY


JUDGE; JOE KIRKWOOD, MANNY PEREZ-VILLASENOR,


BILL THOMAS, IRIS SANDERS LAWRENCE, INDIVIDUALLY AND AS POTTER


COUNTY COMMISSIONERS; THE POTTER COUNTY COMMISSIONERS


COURT; AND POTTER COUNTY, TEXAS, APPELLANTS



V.



LEON "BUBBA" SMITH,


POTTER COUNTY CONSTABLE, PRECINCT 4, APPELLEE


 _________________________________



FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;



NO. 89,161-E; HONORABLE JACK D. YOUNG, JUDGE


_______________________________



 

Before REAVIS and CAMPBELL, JJ., and BOYD, S.J. (1)


MEMORANDUM OPINION



 Appellants, the Potter County judge, Potter County commissioners, Potter County,
and its commissioners court, bring this appeal from a judgment declaring they acted
arbitrarily and unreasonably in setting the salary for the position of constable of precinct
four of Potter County then held by appellee, Leon "Bubba" Smith. The trial court also
directed issuance of a writ of mandamus commanding the Potter County Commissioners
Court and its individual members to set and pay a reasonable salary. Appellants present
eight issues challenging the trial court's judgment. Finding the issues presented have
become moot, we vacate the trial court's judgment and dismiss the cause. 

 Appellee was elected to the office of constable for precinct four of Potter County and
assumed that office on January 1, 2001. He filed suit in September 2001 alleging the
commissioners court acted illegally by failing to set a reasonable salary for his position. He
sought declaratory relief and an award of attorneys fees. The petition also sought issuance
of a writ of mandamus "to enforce the obligation . . . to immediately set a reasonable
salary." Appellee also sought to recover past compensation which he alleged should have
been paid. This claim was abandoned in response to our opinion in Ware v. Miller, 82
S.W.3d 795 (Tex.App.-Amarillo 2002, pet. denied). 

 The case was tried to the bench and in August 2003 the court signed a final
judgment. It directed issuance of a writ of mandamus commanding the commissioners
court to set and pay a reasonable salary to Smith "from and after 7-10-03[.]" The
defendants jointly perfected appeal from the trial court's judgment. At oral argument
appellants argued the appeal has become moot and must be dismissed because appellee
no longer occupies the office of constable of precinct four. Appellants have provided a
certified copy of the results of the November 2, 2004 general election showing appellee lost
to an opponent. 

 Appellee does not question that his term of office ended December 31, 2004, or that
he is limited to prospective relief. As the writ of mandamus directing the commissioners
court to set a reasonable salary could have no effect on an existing controversy, that claim
is moot and must be dismissed. Appellee argues his claims for declaratory relief are not
moot because the declaratory judgment, with an award of attorneys fees and costs, was
rendered during his term of office. 

 In Ware v. Miller, 134 S.W.3d 381 (Tex.App.-Amarillo 2003, pet. denied), we
reversed an award of attorneys fees in a judgment declaring a former constable had been
entitled to a reasonable salary. Id. at 384. We found the prohibition on recovery of past
salary and end of the constable's term of office prevented the declaration from having any
practical effect, rendering the case moot. Id. We find that holding applicable here and will
adhere to it. Accordingly, we vacate the judgment of the trial court and dismiss the cause.

 

 James T. Campbell

 Justice





1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.