NO. 07-03-0391-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

MARCH 2, 2006
_____

ARTHUR WARE, INDIVIDUALLY AND AS POTTER COUNTY
JUDGE; JOE KIRKWOOD, MANNY PEREZ-VILLASENOR,
BILL THOMAS, IRIS SANDERS LAWRENCE, INDIVIDUALLY AND AS POTTER
COUNTY COMMISSIONERS; THE POTTER COUNTY COMMISSIONERS
COURT; AND POTTER COUNTY, TEXAS, APPELLANTS

V.

LEON "BUBBA" SMITH,
POTTER COUNTY CONSTABLE, PRECINCT 4, APPELLEE
_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 89,161-E; HONORABLE JACK D. YOUNG, JUDGE
_____

Before REAVIS and CAMPBELL, JJ., and BOYD, S.J.[1]

**MEMORANDUM OPINION**

Appellants, the Potter County judge, Potter County commissioners, Potter County, and its commissioners court, bring this appeal from a judgment declaring they acted arbitrarily and unreasonably in setting the salary for the position of constable of precinct

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

four of Potter County then held by appellee, Leon "Bubba" Smith. The trial court also directed issuance of a writ of mandamus commanding the Potter County Commissioners Court and its individual members to set and pay a reasonable salary. Appellants present eight issues challenging the trial court's judgment. Finding the issues presented have become moot, we vacate the trial court's judgment and dismiss the cause.

Appellee was elected to the office of constable for precinct four of Potter County and assumed that office on January 1, 2001. He filed suit in September 2001 alleging the commissioners court acted illegally by failing to set a reasonable salary for his position. He sought declaratory relief and an award of attorneys fees. The petition also sought issuance of a writ of mandamus "to enforce the obligation . . . to immediately set a reasonable salary." Appellee also sought to recover past compensation which he alleged should have been paid. This claim was abandoned in response to our opinion in *Ware v. Miller*, 82 S.W.3d 795 (Tex.App.–Amarillo 2002, pet. denied).

The case was tried to the bench and in August 2003 the court signed a final judgment. It directed issuance of a writ of mandamus commanding the commissioners court to set and pay a reasonable salary to Smith "from and after 7-10-03[.]" The defendants jointly perfected appeal from the trial court's judgment. At oral argument appellants argued the appeal has become moot and must be dismissed because appellee no longer occupies the office of constable of precinct four. Appellants have provided a certified copy of the results of the November 2, 2004 general election showing appellee lost to an opponent.

Appellee does not question that his term of office ended December 31, 2004, or that he is limited to prospective relief. As the writ of mandamus directing the commissioners court to set a reasonable salary could have no effect on an existing controversy, that claim is moot and must be dismissed. Appellee argues his claims for declaratory relief are not moot because the declaratory judgment, with an award of attorneys fees and costs, was rendered during his term of office.

In *Ware v. Miller*, 134 S.W.3d 381 (Tex.App.–Amarillo 2003, pet. denied), we reversed an award of attorneys fees in a judgment declaring a former constable had been entitled to a reasonable salary. *Id.* at 384. We found the prohibition on recovery of past salary and end of the constable's term of office prevented the declaration from having any practical effect, rendering the case moot. *Id.* We find that holding applicable here and will adhere to it. Accordingly, we vacate the judgment of the trial court and dismiss the cause.

James T. Campbell
Justice