## WOMACK et al. v. WOODSON et al.
### No. 4109.

Court of Civil Appeals of Texas. Beaumont.
March 4, 1943.

Rehearing Denied March 24, 1943.

Russel A. Bonham, of Houston, and McComb & Davis, of Conroe, for appellants.

Geo. B. Darden and W. C. McClain, both of Conroe, for appellees.

COMBS, Justice.

This is a will contest. The only issue on appeal is the contention of appellants that the instrument admitted to probate as the last will of G. W. Horton had been revoked by the testator.

The will was dated June 24, 1937. It is not disputed that it was duly executed by G. W. Horton. But when offered for probate by appellees as proponents appellants filed a contest in which they alleged (1) that G. W. Horton expressly revoked said purported will by a subsequent declaration in writing dated December 20, 1940, and (2) that said instrument, if not expressly revoked by the writing of December 20, 1940, was obliterated by said G. W. Horton, or by another under his direction, in such manner as to indicate an intent on the part of the said Horton to revoke it.

At the conclusion of the evidence the trial judge instructed a verdict for the proponents and admitted the will to probate, holding that no issue was made that the testator had revoked it. The contestants have appealed.

The testator left a sizeable estate, consisting mainly of land. Neither he nor his wife, who predeceased him, left any direct descendants. The parties to this suit, other than the two parties named as executors in the will, are collateral kin of Horton and his wife. The will admitted to probate was executed June 24, 1937. It was drafted by Judge J. W. Strode, of Conroe, Horton's attorney. After it was executed it was left with Judge Strode. The contention that it was later revoked by an instrument in writing is based on the following facts: In December 1940, Horton went to see Judge Strode and told him he desired to change his will. Judge Strode testified that he made a note of the changes Horton desired to make and drafted a new will for him. On December 20, 1940, Horton went to the office of Judge Strode and there signed the new instrument in conformity with the necessary legal formalities. That purported will omitted certain parties named as beneficiaries in the former will, and correspondingly increased the shares of the remaining beneficiaries from a one-tenth each to a one-seventh each. It contained the usual clause revoking all prior wills. Appellants say the execution of that instrument revoked the prior will of June 24, 1937. Appellees contend, and the trial court held, that it did not revoke the former will for the reason that said purported will of December 20, 1940, has been judicially determined to have been the result of undue influence and denied probate by final decree of the court. Therefore, it was void and did not have the effect of revoking the former validly executed will. On that point we give the following facts shown by the record: Appellees first offered the purported will of December 20, 1940, and appellants contested its probate on the grounds of lack of testamentary capacity and undue influence. They secured a jury finding that the instrument was procured by undue influence and judgment was entered in the District Court of Montgomery County denying it probate. That judgment became final. Thereafter appellees offered the will of June 24, 1937, which was admitted to probate in the present case.

Opinion.

Appellants here contend that the purported will executed by G. W. Horton in 1940, and which at their instance has been judicially determined to have been void was nevertheless effective as a written revocation of the former will. This contention is not tenable. In order for a subsequent will or declaration in writing to be effective in revoking a prior will such will or declaration must be "executed with like formalities" required for the execution of wills. Vernon's Ann. Stat., Art. 8285. This means it must be validly executed. The purported will of 1940 was never "executed"; it was void in toto, every provision of it, and it could not serve to revoke the former will. 68 C.J., p. 754; Id. p. 807; Walker v. Irby, Tex.Com.App., 238 S.W. 884; Dougherty v. Holscheider, 40 Tex.Civ.App. 31, 88 S. W. 1113, 1117.

But appellants say that since appellees' witnesses, Judge Strode, and H. R. Suratt, a witness to the purported will of 1940, testified that Horton executed said instrument with the legal formalities they are bound by this proof coming from their own witnesses. There is, of course, a well-recognized general rule that a party to a suit is bound by the testimony of the witnesses he offers. 17 Tex.Jur. 928; Whitefield v. Whitefield, Tex.Civ.App., 140 S.W. 2d 347. But that principle has no application on the facts of this case. Here the nullity of the purported will of 1940 has been judicially established. Proof that it

was signed by Horton with the legal formalities cannot alter that fact. It was void ab initio and no amount of proof could give it validity for any purpose.

■ But appellants say the will of 1937 was so obliterated by Horton, or under his direction, as to show an intent and purpose to revoke it. The will as offered contained certain pencil marks and notations. Judge Strode testified that Horton left his legal papers, including the will of 1937, with him for safekeeping; that after Horton told him in 1940 what changes he desired to make in the will, that he (Strode) made the pencil notations and changes as a guide to his stenographer in writing the new instrument. These changes, made in pencil, were clearly visible and the original form of the will was easily established. There is nothing in the evidence to show that Horton desired to revoke the will of 1937, except his attempt to make a new one in 1940, and statements made to his lawyer in connection with that transaction to the effect that he desired to change his will. He did not destroy, cancel or obliterate the will of 1937 or direct his attorney to do so. In fact there is nothing to indicate that he ever knew that the attorney had made pencil notations on it. As we have said, the attempt to make a new will in 1940 was the result of undue influence. Hence, there was no revocation in any manner required by statute. Vernon's Ann.Stat., Art. 8285; Stephens v. Leatherwood, Tex.Civ.App., 295 S.W. 236, 238; Simmons v. Gardner, Tex.Civ.App., 134 S.W.2d 338. The whole record bears evidence that Horton desired to bequeath his property. It negatives any inference that he would have been willing to revoke his will and remain intestate, or that he may have executed some form of written revocation.

■ There is an assignment to the effect that appellees failed to discharge the burden of proving that the will offered had not been revoked. The assignment is overruled. The testator validly executed the will in 1937, and left it with Judge Strode for safekeeping. Judge Strode remained his attorney until the time of his death. He retained possession of the will. It is reasonable to infer that had he desired to revoke the will he would have had his lawyer prepare the revocation.

In most cases the only proof that can be made that the testator has not revoked his will is negative in character. Here there is not a suggestion that Horton attempted or desired to revoke his will, except by execution of the instrument procured by undue influence in 1940. We think the evidence sufficient on this point. Wilson v. Paulus, Tex.Com.App., 15 S.W. 2d 571, 573.

The judgment of the trial court is affirmed.