**PORT NECHES–GROVES INDEPENDENT School District, Appellant,**

v.

**PYRAMID CONSTRUCTORS, L.L.P., Appellee.**

**No. 09–03–589 CV.**

Court of Appeals of Texas, Beaumont.

Submitted March 24, 2004.

Decided July 1, 2004.

Roger S. McCabe, Ryan Gertz, Mehaffy & Weber, Beaumont, Richard A. Peebles, Baytown, for appellant.

Dale M. Tingleaf, Houston, Jon B. Burmeister, Beaumont, for appellee.

Before McKEITHEN, C.J., BURGESS and GAULTNEY, JJ.

## OPINION

DON BURGESS, Justice.

Port Neches–Groves Independent School District ("PNG") brings this interlocutory appeal of the trial court's denial of PNG's plea to the jurisdiction, which was based on sovereign immunity.

Pyramid Constructors ("Pyramid") sued PNG for breach of contract. PNG counterclaimed for breach of contract. PNG and Pyramid ultimately settled part of their dispute and executed an agreement providing, in part, for Pyramid to pay PNG $900,000 and for Pyramid and PNG

to dismiss certain claims against each other with prejudice. PNG agreed to release all of its claims against Pyramid and Pyramid agreed to release its claims against PNG, except those causes of action for retainage withheld under the contract. The parties specifically agreed Pyramid would "retain all causes of action for retainage withheld under the contract, including attorney fees and statutory interest claims."

The trial court dismissed, with prejudice, all of PNG's claims against Pyramid for damages and further ordered that Pyramid's original claim for retainage under the construction contract at issue was preserved as between Pyramid and PNG. As to the retainage claim, the order stated: "This claim has not yet been resolved and is still active[.]"

Subsequently, PNG filed its plea to the jurisdiction contending the trial court lacked subject matter jurisdiction to hear the case as PNG is a political subdivision and is immune from suit. PNG brings four appellate issues.

■ Sovereign immunity encompasses two distinct legal principles: immunity from suit and immunity from liability. *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex.1999) (per curiam). Immunity from liability does not affect a court's jurisdiction to hear a case, but rather is an affirmative defense and must be pleaded to prevent waiver. *Id.* Immunity from suit defeats a trial court's subject-matter jurisdiction over a lawsuit and is properly asserted in a plea to the jurisdiction. *Id.*

■ Because the question of subject-matter jurisdiction is a question of law, we review de novo a trial court's order denying a jurisdictional plea based on sovereign immunity. *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex.1998). Where, as here, there was no evidence presented to the trial court on the jurisdictional issue, we look solely to the pleadings to determine whether the trial court's jurisdiction was properly invoked. See *Archibeque v. North Tex. State Hosp.-Wichita Falls Campus*, 115 S.W.3d 154, 157 (Tex.App.-Fort Worth 2003, no pet.).

Issue one maintains this court has jurisdiction to hear PNG's appeal of the trial court interlocutory order denying PNG's plea to the jurisdiction. We agree. See Tex. Civ. Prac. & Rem.Code Ann. §§ 51.014(a)(8); 101.001(3)(B) (Vernon Supp.2004); see *Jones*, 8 S.W.3d at 639. Issue one is sustained.

■ We consider together issues two and three—the central issues here in view of the Texas Supreme Court's decision in *Reata Construction Corp. v. City of Dallas*, —— S.W.3d ——, 47 Tex. Sup.Ct. J. 408, 2004 WL 726906 (April 2, 2004)(per curiam). Issue two asserts a school district's immunity from suit is waived only by specific consent from the Texas Legislature. Issue three contends the trial court does not have subject matter jurisdiction in this cause as PNG has asserted its immunity from suit.

■ In *Reata*, however, the Texas Supreme Court recently found that the trial court had subject matter jurisdiction over Reata's claims against the City of Dallas because the City had waived its immunity from suit by intervening to assert claims for affirmative relief against Reata. *Reata Constr. Corp.*, at ——, 2004 WL 726906, at *1. "[B]y filing a suit for damages, a governmental entity waives immunity from suit for any claim that 'is incident to, connected with, arises out of, or is germane to the suit or controversy brought by the State.'" *Id.* at ——, at *3 (quoting *State v. Martin*, 347 S.W.2d 809, 814 (Tex.Civ. App.-Austin 1961, writ ref'd n.r.e.)). Further, the *Reata* Court explained:

For purposes of waiver of governmental immunity from suit, we se no reason to differentiate between a governmental entity as a plaintiff and as a plaintiff-intervenor. When the City filed its plea in intervention against Reata, it subjected itself to the jurisdiction of the trial court and waived its governmental immunity from suit with regard to Reata's claims germane to the matter in controversy.

*Id.* (citing Martin, 347 S.W.2d at 814).

Here, PNG was not the first to file suit; Pyramid was. PNG could have asserted its immunity without counterclaiming against Pyramid and seeking affirmative relief from the court. But, PNG could not have filed suit against Pyramid for breach of contract without waiving its immunity. *Id.* at ——, at *2 (citing *Anderson, Clayton & Co. v. State ex rel. Allred,* 122 Tex. 530, 62 S.W.2d 107, 110 (1933) and *Kinnear v. Tex. Comm'n on Human Rights ex rel. Hale,* 14 S.W.3d 299, 300 (Tex.2000) (per curiam)). We find PNG waived its immunity from suit when it counterclaimed against Pyramid and asserted its affirmative claims for damages.[1]

Issues two and three are overruled.

In issue four, PNG contends that the phrase "sue and be sued," contained in a political subdivision's enabling statute does not waive governmental immunity from suit. However, in view of our disposition of issues two and three, we need not consider this question.

We affirm the trial court's judgment.

AFFIRMED.

---

**1.** Pyramid also avers PNG was amenable to suit based upon the compromise settlement language; however, we need not address that argument.