**PORT NECHES–GROVES INDEPENDENT SCHOOL DISTRICT, Petitioner,**

v.

**PYRAMID CONSTRUCTORS, L.L.P., Respondent.**

No. 04–0737.

Supreme Court of Texas.

Aug. 31, 2006.

Roger S. McCabe, J. Matthew Marchak, Mehaffy & Weber, P.C., Beaumont, Richard A. Peebles, Law Offices of Richard A. Peebles, Baytown, for Petitioner.

Dale M. Tingleaf, Tingleaf & Associates, Alan R. Scheinthal, Scheinthal & Kouts LLP, Houston, Jon B. Burmeister, Moore & Landrey, L.L.P., Beaumont, Pannal Alan Sanders, Sanders Sanders L.L.P., Orange, for Respondent.

PER CURIAM.

Pyramid Constructors, L.L.P., sued the Port Neches–Groves Independent School District for breach of a contract to renovate two schools. The District filed a counterclaim for breach of the same contract and a plea to the jurisdiction based on its governmental immunity. The District later settled its claim against Pyramid. The settlement agreement provided that Pyramid would pay the District $900,000, and provided that Pyramid "retains all causes of action for retainage withheld under the contract, including attorney fees and statutory interest claims."

The trial court denied the District's plea to the jurisdiction. The court of appeals affirmed the trial court's order, holding that the District waived immunity by filing an affirmative counterclaim. 140 S.W.3d 440.

In this Court, the District contends that it retained immunity. Pyramid responds that the court of appeals correctly held that the District waived immunity by filing its affirmative counterclaim. Pyramid alternatively argues that (1) section 11.151 of the Education Code waives a school district's immunity because it allows the trustees of an independent school district to "sue and be sued"; and (2) Chapter 2251 of the Texas Government Code waives immunity from suit in an action to collect an invoice or interest due.

While this case has been pending on appeal, we have decided *Reata Construction Corp. v. City of Dallas,* 197 S.W.3d 371 (Tex.2006), which held that a govern-

mental entity does not have immunity from suit from claims germane to, connected with, and properly defensive to the governmental entity's own claims to the extent the other party's claims act as an offset against the governmental entity's recovery. But a governmental entity may retain immunity from suit as to the other party's claim for monetary damages arising from claims not germane to, connected with, and properly defensive to the governmental entity's claims, and to the extent the other party's damages exceed amounts offsetting the governmental entity's monetary recovery. *See id.* Because the court of appeals held that the District's counterclaim operated as a complete waiver of immunity, we reverse its judgment and remand the case to the trial court. In the trial court, Pyramid should have the opportunity to argue, based on our decision in *Reata,* that the District does not have immunity from suit.

▆▆▆ Neither of Pyramid's alternative claims provide a basis for affirming the court of appeals' judgment. First, for the reasons explained in *Tooke v. City of Mexia,* 197 S.W.3d 325 (Tex.2006), we hold that the "sue and be sued" language in section 11.151 of the Education Code is not a clear and unambiguous waiver of immunity. *See also City of Houston v. Jones,* 197 S.W.3d 391 (Tex.2006). Second, there is no indication in the record that Pyramid argued in the trial court that Chapter 2251 waives immunity from suit. Because Pyramid is not asserting error in the judgments below, it was not required to preserve the issue on appeal. *Boyce Iron Works, Inc. v. Southwestern Bell Tel. Co.,* 747 S.W.2d 785, 787 (Tex.1988) (noting that a party who "received a favorable judgment and had no reason to complain in the trial court" need not raise potential alternative bases to support the ruling). However, this Court may decline to review an issue that was not presented to the trial court or court of appeals. *See In re Nexion Health at Humble, Inc.,* 173 S.W.3d 67, 70 (Tex.2005) (op. on rehearing) ("Because this issue has not been reviewed by the courts below, we decline to reach the issue and express no opinion as to the merits of this argument."). In this case, we conclude that it would be preferable for the issue to first be presented to the trial court. On remand, Pyramid will have the opportunity to develop the record as it deems necessary and will be free to raise the issue.

Finally, while this case has been pending on appeal, the Legislature enacted sections 271.151–.160 of the Local Government Code, which waive immunity from suit for certain claims against local governmental entities, including a public school district. Sections 271.152–.154 "apply to a claim that arises under a contract executed before [September 1, 2005] ... if sovereign immunity has not been waived with respect to the claim" before that date. Act of May 23, 2005, 79th Leg., R.S., ch. 604, § 2, 2005 Tex. Gen. Laws 1548, 1549. Pyramid should also have the opportunity to argue in the trial court that the District's immunity from suit has been waived by these provisions.

Accordingly, we grant the District's petition for review, and without hearing oral argument, Tex.R.App. P. 59. 1, we reverse the court of appeals' judgment and remand the case to the trial court for further proceedings.