In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-08-00197-CV


____________________



PORT NECHES-GROVES INDEPENDENT SCHOOL DISTRICT, Appellant



V.



PYRAMID CONSTRUCTORS, L.L.P., Appellee


 




On Appeal from the 60th District Court 


Jefferson County, Texas


Trial Cause No. B-163,853






OPINION



 Port Neches-Groves Independent School District appeals a judgment awarding
damages, interest and attorney fees to Pyramid Constructors, L.L.P. In five issues, the
District: (1) asserts sovereign immunity; (2) contends the trial court erred in granting
summary judgment as to liability; (3) contends the trial court erred in granting a motion for
instructed verdict on damages and interest; (4) challenges the legal sufficiency of the
evidence supporting the damage award; and (5) erred in awarding attorney fees and interest. 
We hold the trial court properly exercised jurisdiction because the District is not immune
from suit in this case, but hold the trial court erred in granting summary judgment and further
erred in granting Pyramid's motion for an instructed verdict. We reverse the judgment and
remand the cause to the trial court.

 Pyramid, then known as Pyramid Constructors, Inc., sued the Port Neches-Groves
Independent School District for breach of an April 1997 school renovation contract. The
District filed a counterclaim for breach of contract and breach of warranty and a plea to the
jurisdiction based on governmental immunity. In a mediated settlement, Pyramid's liability
insurer paid the District $900,000. Pyramid kept its claims for retainage withheld under the
contract, together with its claims for interest and attorney fees. The trial court denied the
District's plea to the jurisdiction. The District appealed to this Court, which affirmed the
order, and to the Supreme Court, which reversed our judgment and remanded the cause to
the trial court. Port Neches-Groves I.S.D. v. Pyramid Constructors, L.L.P., 140 S.W.3d 440
(Tex. App.--Beaumont 2004), reversed, 201 S.W.3d 679 (Tex. 2006). On remand, the trial
court denied the plea to the jurisdiction, granted summary judgment on liability, granted an
instructed verdict and charged the jury only upon the award of attorney fees. The trial court
entered a judgment for: (1) $531,012.76 with interest at the rate of 1% per month until paid;
(2) $389,912.02 in attorney fees with additional amounts of $35,000 for an appeal, $35,000
for response to petition for review, and $10,000 for briefing in the Supreme Court as found
by the jury, plus interest; and (3) costs of court.

 First, the District contends it has governmental immunity that has not been waived. 
The Supreme Court held the "sue and be sued" language of Section 11.151 of the Education
Code is not a clear and unambiguous waiver of immunity, but indicated that Pyramid should
be provided with an opportunity to raise and develop a record to support other possible bases
for a waiver of immunity. See Port Neches-Groves I.S.D. v. Pyramid Constructors, L.L.P.,
201 S.W.3d 679, 681 (Tex. 2006). The District argues Pyramid failed to develop a record
on remand to establish a waiver of governmental immunity. The post-remand motion for
partial summary judgment filed by Pyramid had no summary judgment evidence attached to
it, but the body of the motion referred to an affidavit attached to its response to the District's
motion for summary judgment. That affidavit and the accompanying settlement agreement
were before the trial court. The construction contract was also before the trial court. See
Tex. R. Civ. P. 166a(c). Additional evidence germane to the jurisdictional issue was
developed during the trial. See Tex. Dep't of Parks and Wildlife v. Miranda, 133 S.W.3d
217, 228 (Tex. 2004) ("by reserving for the fact finder the resolution of disputed
jurisdictional facts that implicate the merits of the claim or defense, we preserve the parties'
right to present the merits of their case at trial."). (1)

 Pyramid contends Chapter 2251 of the Government Code waives governmental
immunity; however, for contracts executed before September 1, 2003, Chapter 2251 does not
apply to a payment made by a governmental entity if there is a bona fide dispute between the
political subdivision and a vendor about the goods delivered or service performed that causes
the payment to be late. (2) See Act of May 4, 1993, 73rd Leg., R.S., ch. 268, 1993 Tex. Gen.
Laws 583, 843; amended by Act of April 25, 1995, 74th Leg., R.S., ch. 76, §§ 5.41-.42, 1995
Tex. Gen. Laws 458, 497; amended by Act of May 26, 2001, 77th Leg., R.S., ch.
1158, §§ 61, 94, 2001 Tex. Gen. Laws 2570, 2605, 2615; amended by Act of May 28, 2003,
78th Leg., R.S., ch. 286, 2003 Tex. Gen. Laws 1252. The 2003 amendment to Section
2251.002(a) of the Texas Government Code does not apply in this case. See Act of May 28,
2003, 78th Leg., R.S., ch. 286, § 4, 2003 Tex. Gen. Laws 1255 ("This Act applies only to a
contract executed on or after September 1, 2003. A contract executed before September 1,
2003, is governed by the law as it existed on the date the contract is executed, and the former
law is continued in effect for that purpose."); current version at Tex. Gov't Code
Ann. § 2251.002(a) (Vernon 2008).

 Chapter 2251 provides for recovery of interest on late payments by governmental
entities. See Tex. Gov't Code Ann. § 2251.025 (Vernon 2008). The unpaid balance of a
partial payment accrues interest unless the balance is in dispute. See Tex. Gov't Code Ann.
§ 2251.029 (Vernon 2008). If a disputed payment is resolved in favor of the vendor, the
vendor is entitled to receive interest on the unpaid balance from the date the payment is
overdue. Tex. Gov't Code Ann. § 2251.042(b) (Vernon 2008). In a formal judicial action
to collect an invoice payment or interest due under Chapter 2251, the opposing party shall
pay the prevailing party's attorney fees. Tex. Gov't Code Ann. § 2251.043 (Vernon 2008). 
Thus, a vendor may recover on a disputed payment and may recover attorney fees, but until
the dispute is resolved the vendor cannot recover pursuant to Chapter 2251. Chapter 2251
does not waive governmental immunity for resolving a disputed payment.

 The District argues Pyramid is not entitled to recover under Chapter 2251 because a
bona fide dispute exists. Specifically, the District contends the retainage is not due until the
contract is "fully performed" and Pyramid satisfies the express conditions precedent by
paying the subcontractors and submitting lien releases to the architect. Pyramid argues that
an action on the payment bond is a subcontractor's sole remedy. See Tex. Gov't Code Ann.
§ 2253.073 (Vernon 2008). Because a subcontractor cannot place a lien on the District's
property, Pyramid argues, the required submission of a release of lien is meaningless.

 Pyramid contends the law does not require the doing of a vain and useless thing. The
case on which Pyramid relies involved a garnishment. On the date of the application for a
writ of garnishment, one of the joint judgment debtors was dead and had died insolvent. 
Mackey v. Lucey Prods. Corp., 150 Tex. 188, 239 S.W.2d 607, 608 (Tex. 1951). An
execution against the estate would have accomplished nothing towards reducing the original
judgment and execution would have been void because the judgment had to be collected
through the probate court. Id. The Court held it was not necessary that the deceased
judgment debtor be named in the application for writ of garnishment. Id. In this case, the
contract's supplemental conditions required Pyramid to submit to the architect the following
documents prior to final payment: (1) contractor's affidavit of payment of debts and claims;
(2) contractor's affidavit of release of liens; (3) consent of surety to final payment; (4)
general contractor's guarantee; (5) subcontractor's guarantee; (6) subcontractor's lien
releases; (7) asbestos affidavit; (8) maintenance and instruction manuals; (9) record
drawings; and (10) final list of subcontractors. The contract calls for final payment upon full
performance of the contract and the issuance of a final certificate of payment. Thus,
regardless of the remedies available to subcontractors, the contract between Pyramid and the
District required Pyramid to submit to the architect documents establishing that all debts
associated with the project had been paid and all claims had been released before Pyramid
would be entitled to final payment. The action required by the contract was not vain and
useless.

 Pyramid argues that the District was required to pay the retainage upon substantial
completion of each phase of the project because the contract's construction schedule provides
for a proportional amount of retainage to be released for all areas where final completion has
been achieved. The construction schedule called for release of proportional amounts of
retainage upon final completion, not substantial completion. (3) Substantial completion triggers
the right to payment other than the retainage, but only full performance triggers the payment
of retainage. Nothing in the construction schedule excuses performance of the actions
required for final payment in the supplemental conditions. Assuming the construction
schedule allowed Pyramid to apply for a release of retainage as to each phase of the project,
the contract between Pyramid and the District required Pyramid to establish that all claims
related to that phase had been released before Pyramid could obtain a release of the retainage
for that phase of the project. At trial, Pyramid's president testified that Pyramid obtained all
releases except one. He also testified that Pyramid paid the subcontractors two-thirds of the
retainage owed to them when the District released two-thirds of the retainage. He admitted
Pyramid never paid the final one-third owed to the subcontractors, with the exception of a
$5,000 claim that was not paid at all and a claim that Pyramid paid in full after the
subcontractor prevailed in a lawsuit. (4) He did not identify the phases of the project to which
these claims related. Furthermore, Pyramid submitted a single pay application for the full
amount of the retainage.

 Pyramid argues the architect's approval of Pyramid's pay application triggered
Pyramid's right to payment of all of the retainage because the attachments showed the project
was complete. The architect approved a partial release of retainage on May 17, 2000, but did
not approve the application in its entirety. The architect sent letters to Pyramid in June and
August 2000 that clearly state the final payment awaited receipt by the architect of the final
close-out documents. In addition, an affidavit from Pyramid's president admitted Pyramid
did not submit all of the required close-out documents to the architect. Under the facts and
circumstances present in this case, a bona fide dispute existed as a matter of law. We hold
Chapter 2251 does not operate to waive the District's immunity in this case.

 Pyramid contends the enactment of Chapter 271 of the Local Government Code
created a legislative waiver of the District's immunity for Pyramid's breach of contract claim. 
See Tex. Loc. Gov't Code Ann. § 271.152 (Vernon 2005) ("A local governmental entity
that is authorized by statute or the constitution to enter into a contract and that enters into a
contract subject to this subchapter waives sovereign immunity to suit for the purpose of
adjudicating a claim for breach of the contract, subject to the terms and conditions of this
subchapter."). Section 271.152 applies only to a claim for which immunity had not been
waived under prior law. Act of May 23, 2005, 79th Leg., R.S., ch. 604, § 2, 2005 Tex. Gen.
Laws 1548, 1549. Although the case was decided after the effective date of the new statute,
Reata did not create new law but merely explained the law as it already existed. See Reata
Constr. Corp. v. City of Dallas, 197 S.W.3d 371, 376 (Tex. 2006). (5) The District both filed
and settled its counterclaim before the effective date of Chapter 271. Thus, Chapter 271 is
inapplicable if by filing the counterclaim the District waived immunity.

 Pyramid contends the District waived governmental immunity by filing a
counterclaim. By asserting an affirmative claim for relief, the District joined into the
litigation process and the trial court acquired subject-matter jurisdiction over claims made
against the District "which were connected to, germane to, and properly defensive" to the
matters on which the District based its claim for damages. Id. at 377. A Reata waiver does
not extend to claims for monetary relief exceeding amounts necessary to offset the District's
claims. Id.

 The District argues that Pyramid would not be entitled to an offset because it refused
to participate in the settlement negotiated by its insurance carrier. Although Pyramid's
corporate representative testified that Pyramid did not participate in the settlement negotiated
by its insurer, the settlement agreement states that "Pyramid Constructors, Inc. agrees to pay
Port Neches-Groves I.S.D. the sum of $900,000.00 dollars, on or before June 10, 2003." 
Regardless of the circumstances of its execution, the settlement agreement expressly states
that Pyramid is the party paying the settlement.

 The District also argues Pyramid's claim for retainage is not connected to, germane
to, and properly defensive to the District's counterclaim for construction defects. In its
opinion remanding the case to the trial court, the Supreme Court noted that "Pyramid should
have the opportunity to argue, based on our decision in Reata, that the District does not have
immunity from suit." Port Neches-Groves I.S.D. v. Pyramid Constructors, L.L.P., 201
S.W.3d 679, 681 (Tex. 2006). On remand, Pyramid filed a motion for partial summary
judgment that sought judgment as to liability based upon the District's settlement of its
claims against Pyramid. The only argument even remotely addressing Reata immunity in
Pyramid's motion for summary judgment relied solely upon the Supreme Court's opinion in
the District's first appeal. Pyramid argued that once the District settled its claim against
Pyramid, it no longer retained a bona fide defense to Pyramid's retainage claim. Although
provided with an opportunity to argue that the District does not have immunity from suit
because Pyramid's retainage claim is connected to, germane to, and properly defensive of the
District's settled claims, Pyramid relied solely upon the settlement as a waiver of immunity. 
Neither the settlement agreement nor the order of dismissal links the District's claims against
Pyramid and the architect to Pyramid's claims against the District. To the contrary, the
documents state that all claims for contribution by and between Pyramid and the architect
were moot and that Pyramid's original claim for retainage under the construction contract has
not been resolved by the settlement.

 In allowing an offset, the court must specify the claims that arise from the District's
suit and limit any recovery to an offset. State v. Fidelity and Deposit Co. of Maryland, 223
S.W.3d 309, 310-11 (Tex. 2007) (surety could offset cost-related dispute against state
agency's recovery on performance bond). Here, no connection between the retainage dispute
and the District's claims is shown, other than the fact that the two disputes arise out of the
performance of the same construction contract. Accordingly, the trial court could not
exercise jurisdiction pursuant to Reata.

 In response to Pyramid's contention that Chapter 271 waives the District's immunity,
the District contends Pyramid consistently asserted that the District waived immunity and
argues Pyramid cannot now take the inconsistent position of arguing that the District's
immunity was not waived before September 1, 2005. Although not expressly stated as an
alternative to its Reata waiver allegations, Pyramid's allegation that immunity has been
waived pursuant to Chapter 271 of the Local Government Code can be understood to be an
alternative pleading. See Tex. R. Civ. P. 48. Pyramid failed to establish its other bases for
jurisdiction; therefore, we consider its alternative pleading.

 The District entered into a contract with Pyramid and did not waive governmental
immunity before September 1, 2005. See Tex. Loc. Gov't Code Ann. § 271.152 (Vernon
2005). Accordingly, the District's immunity is waived subject to the terms and conditions
of Sections 271.151 through 271.160 of the Local Government Code. Id. Issue one is
sustained in part and overruled in part.

 In its fifth issue, the District contends the trial court erred in awarding attorney fees
and interest. The terms and conditions of Chapter 271 limit recovery against a local
governmental entity. Id. Generally, attorney fees are not recoverable under Chapter 271. 
See Tex. Loc. Gov't Code Ann. §§ 271.153, 271.159 (Vernon 2005). In its brief to this
Court, Pyramid states "it does not seek to recover attorney fees under Chapter 271 of the
Local Government Code which waives [the District's] governmental immunity in cases such
as this, but under Chapter 2251 of the Government Code. . . ." Thus, Pyramid does not argue
that it is entitled to recover attorney fees pursuant to Chapter 271. Generally, only "interest
as allowed by law" may be recovered under Chapter 271. Tex. Loc. Gov't Code 
Ann. § 271.153. The supplementary conditions to the contract between Pyramid and the
District expressly excluded the contractual provision for interest. As discussed elsewhere
in this Opinion, the existence of a bona fide dispute precludes operation of the interest
provision contained in Chapter 2251. See Tex. Gov't Code Ann. § 2251.029. Although
Section 271.152 waives the District's governmental immunity from a suit for breach of the
construction contract, Pyramid cannot recover either attorney fees or interest. We sustain
issue five.

 In its second issue, the District contends the trial court erred in granting partial
summary judgment. In reviewing the granting of a summary judgment, we accept as true all
evidence favorable to the non-movant, indulge every reasonable inference in favor of the
non-movant, and resolve any doubts in the non-movant's favor. Nixon v. Mr. Prop. Mgmt.
Co., Inc., 690 S.W.2d 546, 548-49 (Tex. 1985). The summary judgment will be affirmed
only if the movant establishes its right to summary judgment as a matter of law. Tex. R. Civ.
P. 166a(c). Pyramid's motion for summary judgment argued three distinct events entitled
Pyramid to recover the retainage as a matter of law: (1) the completion of each phase of the
project; (2) the architect's acceptance of Pyramid's pay application; and (3) the settlement
and non-suit of the District's claims against Pyramid.

 As discussed in our analysis of the District's first issue: (1) Pyramid failed to establish
that it met all of the conditions for payment as to each phase of the project; (2) a bona fide
dispute existed as a matter of law; and (3) the architect did not accept Pyramid's entire pay
application. Accordingly, Pyramid's first two grounds cannot support summary judgment. 
The trial court held that the District "released Pyramid from all claims, reserving none" and
"may not therefore raise any affirmative defenses to Pyramid's suit including the 'bonafide
dispute' defense to Pyramid's contentions under Chapter 2251 of the Government Code." 
The trial court also found that the District breached the contract as a matter of law when it
"failed to release the retainage in its possession after it settled its counterclaim and therefore
Pyramid is entitled to recover under Chapter 2251 of the Government Code the retainage and
such interest and reasonable attorney fees as it may prove."

 Pyramid argues that by dismissing its affirmative claims for relief the District waived
its defenses to Pyramid's retainage claim. Pyramid relies in part on the language of the
settlement agreement, which identifies the claim being released as "arising from or related
to the events and transactions which are the subject matter of this case" and Pyramid argues
this language includes the District's defenses to Pyramid's retainage claim.

 "Waiver requires intent, either the 'intentional relinquishment of a known right or
intentional conduct inconsistent with claiming that right.'" In re General Elec. Capital
Corp., 203 S.W.3d 314, 316 (Tex. 2006) (quoting Sun Exploration & Prod. Co. v. Benton,
728 S.W.2d 35, 37 (Tex. 1987)). For waiver to be implied, "intent must be clearly
demonstrated by the surrounding facts and circumstances." Jernigan v. Langley, 111 S.W.3d
153, 156 (Tex. 2003). When the surrounding facts are undisputed, the question becomes one
of law. Id. at 156-57. An unambiguous contract must be enforced as written. Lopez v.
Munoz, Hockema & Reed, L.L.P., 22 S.W.3d 857, 862 (Tex. 2000). Ambiguity is a question
of law. Id. at 861. "A contract is not ambiguous if it can be given a certain or definite legal
meaning or interpretation." Id.

 In this case, the settlement agreement states that Pyramid "retains all causes of action
for retainage withheld under the contract" and the order of dismissal states that Pyramid's
"original claim for retainage under the construction contract at issue is preserved as between
Plaintiff Pyramid Constructors, Inc. and Port Neches-Groves I.S.D. This claim has not yet 
been resolved and is still active[.]" Thus, the settlement agreement expressly excludes
Pyramid's retainage claim and is silent regarding the District's defenses to the excluded
claim. Because the District did not expressly waive its defenses to the claim that was
expressly excluded from the settlement agreement, as a matter of law those defenses were
not waived by the settlement agreement. We sustain issue two.

 The District's third issue contends the trial court erred in granting Pyramid's motion
for instructed verdict. "In reviewing the granting of an instructed verdict, we must determine
whether there is any evidence of probative force to raise a fact issue on the material questions
presented." Szczepanik v. First S. Trust Co., 883 S.W.2d 648, 649 (Tex. 1994). "We
consider all of the evidence in a light most favorable to the party against whom the verdict
was instructed and disregard all contrary evidence and inferences; we give the losing party
the benefit of all reasonable inferences created by the evidence." Id. "If there is any
conflicting evidence of probative value on any theory of recovery, an instructed verdict is
improper and the case must be reversed and remanded for jury determination of that issue." 
Id.

 After entering a summary judgment on liability and hearing testimony regarding the
dates on which Pyramid substantially completed each phase of the project, the trial court
refused to submit questions on substantial completion, the dates of completion, and the
amount of retainage due for each phase of the project, but granted an instructed verdict based
upon calculations submitted by Pyramid. (6) As we noted above, substantial completion did not
trigger Pyramid's right to payment and Pyramid did not file applications for proportional
release of retainage but filed a single pay application for the full retainage. The instructed
verdict of $531,012.76 with interest to run at the rate of 1% per month until paid is based
upon Pyramid's testimony regarding when Pyramid completed each phase of the project and
its calculation of the proportion each phase held to the whole, with interest added pursuant
to Chapter 2251. The bona fide dispute between the parties regarding Pyramid's right to
payment precludes the operation of Chapter 2251. See Tex. Gov't Code Ann. § 2251.029
(Vernon 2008). Furthermore, the contract required Pyramid to submit the close-out
documents to the architect before the architect would certify payment of the retainage. The
architect did not unconditionally accept Pyramid's pay application, but identified the
documentation required for final completion. Pyramid did not conclusively establish its right
to payment. Accordingly, the trial court erred in granting an instructed verdict. We sustain
issue three.

 Issue four challenges the legal sufficiency of the evidence supporting the damages
awarded in the judgment. In response, Pyramid argues that "the contract between the
[p]arties could not be clearer." While we agree that the contract is unambiguous, we disagree
that the uncontroverted evidence established Pyramid sustained damages in the amount of
$531,012.76. In considering the District's second and third issues, we hold that the trial
court erred by granting summary judgment on liability and instructing a verdict on damages
based upon an unsupportable construction of the settlement agreement. There is no evidence
that Pyramid sustained damages in the amount of $531,012.76 as a result of a breach by the
District. Furthermore, the record in this case indicates the conditions precedent have not
been satisfied. The District did not move for summary judgment on liability, however, and
neither the trial court nor the jury considered whether Pyramid satisfied the conditions
precedent to its right to release of the retainage. Therefore, we do not render judgment. See
CRA, Inc. v. Bullock, 615 S.W.2d 175, 176 (Tex. 1981) ("In this situation where upon appeal
it is determined that the summary judgment was improperly granted, the appeal does not
afford a basis for rendering a judgment for the non-moving party."). We reverse the
judgment of the trial court and remand the case to the trial court for further proceedings
consistent with this Opinion.

 REVERSED AND REMANDED.





 ______________________________

 STEVE McKEITHEN

 Chief Justice



Submitted on December 11, 2008

Opinion Delivered February 5, 2009


Before McKeithen, C.J., Gaultney and Horton, JJ.
1. Although the trial court submitted a single question regarding attorney fees to the
jury, the Supreme Court had remanded the case to the trial court for a reconsideration of the
District's plea to the jurisdiction and the trial court's partial summary judgment on liability
did not specifically rule on the plea. See Port Neches-Groves I.S.D. v. Pyramid
Constructors, L.L.P., 201 S.W.3d 679, 681 (Tex. 2006). If the trial court ruled on the plea
before trial or we presume a deemed jury finding on factual issues relating to jurisdiction, the
sufficiency of the evidence supporting jurisdiction can be challenged on appeal following
trial on the merits. See Univ. of Houston v. Barth, 265 S.W.3d 607, 611 (Tex. App.--Houston
[1st Dist.] 2008, no pet. h.).
2. For contracts executed after September 1, 2003, the exclusion is limited to
Subchapter B (Sections 2251.021-.030). In such a case, Subchapter D provides a
remedy to a vendor for nonpayment through suspension of performance. See Tex.
Gov't Code Ann. § 2251.051 (Vernon 2008).
3. As the District notes in its brief, the section of the contract regarding progress
payments excludes reduction of retainage from the formula for calculating progress
payments.
4. Hearing the case on a docket equalization order, the Amarillo Court held that the
subcontract required Pyramid to release accumulated retainage to its subcontractor without
regard to whether Pyramid or the District breached the construction contract. See Pyramid
Constructors, L.L.P. v. Sunbelt Controls, Inc., No. 07-03-0443-CV, 2005 WL 464896, *3
(Tex. App.--Amarillo Feb. 28, 2005, no pet.) (mem. op.)
5. The Supreme Court's initial opinion in Reata pre-dates the statute. See Reata
Constr. Corp. v. City of Dallas, 197 S.W.3d 371, 373 (Tex. 2006).
6. In the charge conference the District argued that if the trial court rejected the
District's argument that Pyramid's right to payment required final completion--including
submission of the close-out documents to the architect--rather than substantial completion,
then the trial court should submit the issue to the jury. The District's request was contingent
on the denial of its motion for directed verdict based upon Pyramid's failure to meet its
burden of proof regarding its performance of the conditions precedent to a right to payment.