Opinion issued March 5, 2009


 











In The

Court of Appeals

For The

First District of Texas






NO. 01-07-00187-CV






CMA-CGM (AMERICA) INC., Appellant


V.


EMPIRE TRUCK LINES INC., Appellee






On Appeal from the 280th District Court

Harris County, Texas

Trial Court Cause No. 2005-22806






SUPPLEMENTAL OPINION ON MOTION FOR REHEARING


 This Court issued a supplemental opinion in this case on February 26, 2009. 
We withdraw that opinion and issue this one in its place.

 Appellee, Empire Truck Lines Inc., filed a motion for rehearing asserting for
the first time that section 623.0155 of the Texas Transportation Code renders the
indemnification provision of the Uniform Intermodal Interchange and Facilities
Access Agreement unenforceable. See Tex. Transp. Code Ann. § 623.0155
(Vernon 1999). In its motion for rehearing, Empire acknowledges that section
623.0155 "was not raised by either parties's brief to this Court, or in the summary
judgment papers below." As a general rule, we do not address new arguments
presented in a rehearing. See Tex. Mut. Ins. Co. v. Ruttiger, 265 S.W.3d 651, 658 n.8
(Tex. App.--Houston [1st Dist.] 2008, pet. filed). 

 In our opinion and judgment issued December 4, 2008, we reversed the trial
court's order and remanded the cause for further proceedings consistent with this
opinion. We determined that, under the terms of the Agreement, the Agreement
provided that Maryland law shall govern the validity, construction, enforcement, and
interpretation of the Agreement. We also held that the Agreement is enforceable
under Maryland law. Other than the instruction that the trial court must conduct
proceedings that are consistent with our opinion, we have not limited the issues that
may be presented upon remand to the trial court. The implications, if any, of section
623.0155 have never been addressed by us or the trial court, and, upon proper
presentation, may be addressed by the trial court upon remand. We therefore do not
address the new argument concerning section 623.0155. See Port Neches-Groves
Indep. Sch. Dist. v. Pyramid Constructors, L.L.P., 201 S.W.3d 679, 681 (Tex. 2006)
(declining to review issue that was not presented to trial court because parties can
develop record as they deem necessary upon remand to trial court).

 We deny Empire Truck Lines Inc.'s motion for rehearing.


 


 Elsa Alcala

 Justice




Panel consists of Justices Taft, Keyes, and Alcala.