**Reversed and Remanded and Memorandum Opinion filed January 8, 2013.**



In The

# Fourteenth Court of Appeals

### NO. 14-12-00064-CV

## IN THE ESTATE OF DEBORAH L. ADAMS, Deceased

**On Appeal from the County Court at Law No. 2**
**Montgomery County**
**Trial Court Cause No. 11-28,098-P**

## M E M O R A N D U M   O P I N I O N

Appellant Mary Roberts appeals the trial court's judgment granting appellee Kami Haack's plea to the jurisdiction based on Roberts's lack of standing to contest the will of her late sister, Deborah L. Adams. We reverse and remand.

I

On May 15, 2011, Deborah L. Adams died of anoxic encephalopathy,[1]

---

[1] "Anoxic encephalopathy" is the medical term for a lack of oxygen to the brain.

which, according to an autopsy report, was caused by mixed hydrocodone and alcohol intoxication. Through her last will and testament, dated October 8, 2010, Adams left "50% of [her] stock in South Texas Community Living Corporation and all related corporations in Texas to Lonnie Welch, III," her nephew. Although Adams had no biological or adopted children, she specified that Kaelynn Adams Haack and Cooper Adams Haack ("the children") shall be treated as her children for all purposes as if they were her biological children.[2] She devised her tangible personal property to them and further directed that her residuary estate be held in trust for their benefit. Additionally, the will stated that "[i]f, at any time, there is no person or entity qualified to receive final distribution of my probate or trust estate or any part of it, then the portion of my probate or trust estate with respect to which the failure of qualified recipients has occurred shall be distributed in equal shares to JIMMY WILLIAMS, MARY ROBERT [sic], BILLIE WELCH AND CHRIS ADAMS (collectively, the 'Siblings' or singly 'Sibling')." Adams named Gina D. Patterson, her attorney and close friend, as trustee of the trust and executrix of her estate.

On May 20, 2011, Patterson filed an application for probate of the will. On June 8, Mary Roberts filed an opposition to Patterson's application, alleging that she had standing to do so because her name appears in the will and because she is Adams's heir who receives no property under the will but who would inherit from

---

[2] According to the affidavit of Kami Haack—who is the children's biological mother—she and Adams lived together from 1992 until January 2006 and had the "two children together." She testified that Adams treated the children as her own and the children treated Adams "as another mother." According to Haack, Adams expressed her desire to legally adopt the children but believed she was precluded from doing so by the Texas laws as she understood them at the time. When Adams and Haack ended their relationship, they entered into a separation agreement in which they agreed, among other things, that Adams would continue to have substantial visitation rights and support obligations with respect to the children.

the estate under the laws of intestacy if Adams's will is defeated.[3] Roberts challenged the validity of the will, alleging that Adams (1) lacked testamentary capacity at the time she executed the will, (2) made a mistake in the factum and was the victim of fraud in the factum, and (3) signed the will as a result of undue influence. Alternatively, Roberts argued that Patterson is disqualified from acting as administrator of the will.

On December 13, 2011, the children's biological mother, Kami Haack, filed a plea to the jurisdiction and no-evidence and traditional motions for summary judgment on behalf of the children, who are both minors. In her plea to the jurisdiction, Haack argued that Roberts is not an "interested person" for the purpose of challenging the will because Roberts does not receive anything under the will. Haack further offered three wills and one codicil that Adams executed before executing the contested will, none of which name Roberts as a primary beneficiary. Therefore, Haack asserted, Roberts has no legally ascertainable pecuniary interest that would be affected by the probate or defeat of the will and thus no standing to contest it.

In Roberts's response, she argued that she had "a pecuniary interest in the form of long-term financial support afforded her during the last 20 years." Roberts further alleged that Adams "did not consider her death may precede Mary Roberts," and insisted that Adams "intended to financially support Mary Roberts through direct payment of cash as well as continued employment with Counseling Services of New York." The trial court granted Haack's plea to the jurisdiction without addressing her motions for summary judgment, and this appeal followed.

---

[3] Roberts asserts, and the record suggests, that the only relatives to survive Adams are Roberts, another sister, Billie Welch, and Billie's son (Adams's nephew) Lonnie Welch, III. Because we must indulge every reasonable inference and resolve any doubts in Roberts's favor, we proceed on the assumption that Roberts and Billie would therefore inherit from Adams's estate should it be distributed according to the laws of intestacy.

On appeal, Roberts reasserts her arguments that she has standing to challenge the will because she is named in the will and because she is Adams's heir.[4] In response, Haack argues that Roberts cannot appeal the trial court's ruling on the plea to the jurisdiction at this time because the will has not yet been admitted to probate, and therefore there is no final order or judgment to appeal. Haack also maintains her position that Roberts lacks standing to challenge the will.

II

Before considering Roberts's arguments, we must decide whether the order in this case is a final disposition that may be appealed or whether it is merely interlocutory, as Haack alleges.

Final orders of a court exercising probate jurisdiction are appealable to the courts of appeals. *In re Estate of Davidson*, 153 S.W.3d 301, 303 (Tex. App.—Beaumont 2004, pet. denied). A probate proceeding consists of a continuing series of events, in which the probate court may make decisions at various points in the administration of the estate on which later decisions will be based. *Id.* at 304; *Logan v. McDaniel*, 21 S.W.3d 683, 688 (Tex. App.—Austin 2000, pet. denied). In probate cases, it is possible to have more than one final, appealable order. *De Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006). There may be appeals of interim orders rendered on discrete issues before the entire probate proceeding is concluded, but not all probate orders are appealable. *Id.* An order that merely sets

---

[4] For the first time on appeal, Roberts also argues that she has standing pursuant to section 38.171 of the Penal Code, which states: "A person commits [a Class-A misdemeanor] if the person: (1) observes the commission of a felony under circumstances in which a reasonable person would believe that an offense had been committed in which serious bodily injury or death may have resulted; and (2) who fails to immediately report the commission of the offense to a [police officer]." Tex. Penal Code § 38.171. But Roberts does not claim to have observed such a felony, nor does she suggest how having done so would have given her standing to challenge Adams's will. Because the statute is irrelevant to this appeal, we do not address this argument further.

the stage for the resolution of proceedings is interlocutory and not appealable. *Id.* at 579.

The Texas Supreme Court has adopted the following test for determining finality:

> If there is an express statute, such as the one for the complete heirship judgment, declaring the phase of the probate proceedings to be final and appealable, that statute controls. Otherwise, if there is a proceeding of which the order in question may logically be considered a part, but one or more pleadings also part of that proceeding raise issues or parties not disposed of, then the probate order is interlocutory.

*Id.* at 578 (quoting *Crowson v. Wakeham*, 897 S.W.2d 779, 783 (Tex. 1995)).

Under longstanding case law, an order determining whether a party is an "interested" party under section 3(r) of the Probate Code ("Code") is not interlocutory and may be appealed. Tex. Prob. Code § 3(r).[5] "The proper procedure is to try the issue of interest separately and in advance of a trial of the issues affecting the validity of the will. . . . But the trial is nonetheless a trial on the merits of the issue of interest." *Womble v. Atkins*, 331 S.W.2d 294, 298 (Tex. 1960) (citations omitted). A judgment of no interest and consequent dismissal of an application for probate or contest of a will is in no sense interlocutory. *Id.*; *In re Estate of Chapman*, 315 S.W.3d 162, 164 (Tex. App.—Beaumont 2010, no pet.); *see also A & W Indus., Inc. v. Day*, 977 S.W.2d 738, 741 (Tex. App.—Fort Worth 1998, no pet.) (holding that a probate court's order that appellant lacked standing to request removal of estate representative was not interlocutory and was appealable); *Cunningham v. Fox*, 879 S.W.2d 210, 212 (Tex. App.—Houston [14th

---

[5] The legislature repealed and replaced the provisions of Probate Code relevant to this opinion with similar provisions in the Estates Code, effective January 1, 2014. *See* Act of June 19, 2009, 81st Leg., R.S., ch. 680, § 10, 2009 Tex. Gen. Laws 1731–32. Because the Act is not yet effective, the Probate Code continues to govern this case.

Dist.] 1994, writ denied) (holding that an order dismissing bill of review because executor of estate was not an interested person was a final order and a subsequent pleading was filed too late under the statute of limitations).

We therefore hold that the trial court's order granting Haack's plea to the jurisdiction constitutes an appealable final judgment. Having settled this issue, we now determine whether the trial court erred in concluding as a matter of law that Roberts lacks standing to challenge the will.

## III

## A

Standing is a prerequisite to subject-matter jurisdiction, and subject-matter jurisdiction is essential to a court's power to decide a case. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 553–54 (Tex. 2000); *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993). The absence of subject-matter jurisdiction may properly be raised by a plea to the jurisdiction. *Bland*, 34 S.W.3d at 554.

A plea to the jurisdiction is a dilatory plea, the purpose of which is generally to defeat an action without regard to whether the claims asserted have merit. *Id.*; *City of Oak Ridge N. v. Mendes*, 339 S.W.3d 222, 226 n.1 (Tex. App.—Beaumont 2011, no pet.); *Sw. Bell Tel., L.P. v. Harris Cnty.*, 267 S.W.3d 490, 494 (Tex. App.—Houston [14th Dist.] 2008, no pet.). Typically, the plea challenges whether the nonmovant has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the case. *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 635 (Tex. 2012). But a plea to the jurisdiction can also properly challenge the existence of those very jurisdictional facts. *Id.* When jurisdictional facts are challenged, the courts consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised. *Bland*, 34 S.W.3d at 554;

6

*Port-Neches Groves Indep. Sch. Dist. v. Pyramid Constructors, LLP*, 281 S.W.3d 142, 146 (Tex. App.—Beaumont 2009, pet. denied); *Dahl ex rel. Dahl v. State*, 92 S.W.3d 856, 861 (Tex. App.—Houston [14th Dist.] 2002, no pet.). As with summary judgment, the court takes as true all evidence favorable to the nonmovant and indulges every reasonable inference and resolves any doubts in the nonmovant's favor. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004); *Dahl*, 92 S.W.3d at 861. If the evidence creates a fact question regarding the jurisdictional issue, then the trial court cannot grant the plea to the jurisdiction, and the fact issue will be resolved by the fact finder. *Miranda*, 133 S.W.3d at 227–28. But if the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as matter of law. *Id.* at 228. We review such rulings de novo. *See Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998); *City of Oak Ridge*, 339 S.W.3d at 227.

For purposes of a will contest, "[a]ny person interested in an estate may, at any time before any issue in any proceeding is decided upon by the court, file opposition thereto in writing and shall be entitled to process for witnesses and evidence, and to be heard upon such opposition, as in other suits." Tex. Prob. Code § 10. The Code defines "persons interested" as "heirs, devisees, spouses, creditors, or any others having a property right in, or claim against, the estate being administered, and anyone interested in the welfare of an incapacitated person, including a minor." *Id.* § 3(r). Further, the only interest that confers standing to contest a will is a pecuniary one that will be affected by the probate or the defeat of the will. *Logan v. Thomason*, 202 S.W.2d 212, 215 (Tex. 1947); *Abbott v. Foy*, 662 S.W.2d 629, 631 (Tex. App.—Houston [14th Dist.] 1983, writ ref'd n.r.e.). The burden is on every person contesting a will to allege and, if required, to prove that

7

she has some legally ascertainable pecuniary interest, real or prospective, absolute or contingent, that will be impaired or benefitted, or in some manner materially affected, by the probate or defeat of the will. *Logan*, 202 S.W.2d at 215. In the absence of such an interest, a contestant is a mere meddlesome intruder, and it is not the policy of the State of Texas to permit those who have no interest in a decedent's estate to intermeddle therein. *Id.* at 216 (citing *Abrams v. Ross's Estate*, 250 S.W. 1019, 1021 (Tex. Comm. App. 1923, judgm't adopted)).

B

Roberts claims that she is an interested person within the definition of section 10 of the Code because she is an heir[6] and thus has a pecuniary interest in the defeat of the will. For this to be true, the defeat of this will must result in Adams leaving no valid will.

Section 59 of the Code recognizes two types of wills—attested and holographic—and sets out the formalities necessary for each type of will to be valid. *See* Tex. Prob. Code § 59(a). To admit a will to probate, the proponent of the will must prove that the testator complied with the applicable statutory formalities and that, at time of executing the will, the testator had legal capacity, testamentary capacity, and testamentary intent to make the will. *Id.* § 88(a). But if the will is self-proved, no further proof that it was executed with the formalities and

---

[6] Haack makes a conclusory assertion, citing no authority to support it, that to pursue this argument, Roberts must establish her status as an heir through an heirship proceeding. We disagree. Section 48 of the Code provides that "[w]hen a person dies intestate," a court "may determine and declare" via an heirship proceeding "who are the heirs and only heirs of such decedent, and their respective shares and interests." Tex. Prob. Code § 48(a). First, the language of this statute is permissive rather than mandatory. Second, it is clear from the fact that the section begins, "When a person dies intestate" that these provisions are conditioned upon a prior determination of intestacy. *See Jones v. LaFargue*, 758 S.W.2d 320, 322–23 (Tex. App.— Houston [14th Dist.] 1988, writ denied). No such determination has been made in this case. Therefore, section 48 does not apply.

8

solemnities and under the circumstances required to make it a valid will are necessary. *Id.* § 84(a). A written will or any clause thereof shall only be revoked by a subsequent will, codicil, or declaration in writing, executed with like formality. *Id.* § 63; *Chambers v. Chambers*, 542 S.W.2d 901, 905 (Tex. Civ. App.—Dallas 1976, no writ). Therefore, if a new will containing a revocation clause is not admitted to probate, "it [is] void in toto, every provision of it, and it [can]not serve to revoke the former will." *Womack v. Woodson*, 169 S.W.2d 786, 787 (Tex. Civ. App.—Beaumont 1943, writ denied).

In this case, Haack offered the following instruments to the trial court: (1) Adams's attested will, dated February 24, 2003, which is not self-proved; (2) Adams's self-proved attested will, dated June 8, 2006; (3) a holographic codicil, dated April 2, 2009, which is allegedly written and signed by Adams but is not self-proved; (4) a holographic will, dated April 12, 2010, which is allegedly written and signed by Adams but is not self-proved; and (5) the self-proved attested will, dated October 8, 2010, that is the subject of this litigation.

Adams's 2010 attested will contains a definite statement revoking all prior wills. Nevertheless, if Roberts succeeds in her challenges to probate, no provision of the will, including the revocation clause, will have any effect. *See id.* In that case, there would be a question of fact as to whether one of Adams's prior wills would be admissible to probate.[7] If not, Adams's property must be distributed according to the laws of intestacy, and Roberts, as one of Adams's surviving heirs, would be a beneficiary.

---

[7] Although there is a self-proving affidavit to the 2006 attested will, which constitutes prima facie evidence of its validity, the recitals in the affidavit are subject to contradiction by competent testimony. Although such testimony would not destroy the prima facie case established by the attesting affidavit, it would raise a fact issue for the trier of facts to determine. *See Gasaway v. Nesmith*, 548 S.W.2d 457, 458 (Tex. Civ. App.—Houston [1st Dist.] 1977, writ ref'd n.r.e.).

Therefore, because the evidence creates a fact question regarding the jurisdictional issue, the trial court erred by granting Haack's plea to the jurisdiction. *See Miranda*, 133 S.W.3d at 227–28. Having made this determination, we need not consider the alternate bases for standing that Roberts asserts in this appeal.

\* \* \*

For the aforementioned reasons, we reverse and remand this matter to the trial court for further proceedings consistent with this opinion.

/s/    Jeffrey V. Brown
        Justice

Panel consists of Chief Justice Hedges and Justices Brown and Busby.